_JjPER CURIAM.
This disciplinary proceeding arises from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Randal L. Gaines, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Prior to January 1, 2003, Supreme Court Rule XXX, Regulation 3.1 required members of the Louisiana State Bar Association (“LSBA”) to complete a minimum of fifteen hours of mandatory continuing legal education (“MCLE”).[1] If a member earned in excess of fifteen hours, he or she could carry no more than ten hours forward for the next year. Rule XXX, Regulation 5.5.
In 1995, respondent earned thirty hours of MCLE. He mistakenly believed fifteen of these hours could be carried over into 1996, thus satisfying his requirements for that year. However, because he could not carry over the full fifteen hours, respondent was not in compliance with his MCLE obligation for 1996.
In April, 1997, respondent received a non-compliance notice from the LSBA which indicated he had not fulfilled his MCLE requirements for the 1996 reporting Lyear. Respondent believed this letter, which was mistakenly dated April 15, 1996, was sent in error and, therefore, he disregarded it.
In July, 1997, this court issued a notice certifying that respondent was ineligible to practice law due to his failure to comply with his 1996 MCLE requirements, and providing that the certification of ineligibility would become effective thirty days from the date of the notice unless respondent established his compliance within that time. While the LSBA sent a copy of this notice to respondent, respondent denies ever receiving such. Because respondent did not comply with his obligations within the thirty day period, he became ineligible to practice on August 8,1997.
From November, 1997 to June, 1998, while he was ineligible to practice law, respondent represented Felechia Jones and her minor son. Subsequently, Ms. Jones filed a complaint against respondent, alleging he had failed to return her case file. Ultimately, the ODC found no merit to the complaint and wrote respondent advising that it would not pursue the complaint. However, in the course of investigating the matter, the ODC determined respondent may have been ineligible to practice during the representation and sought additional information from respondent regarding his MCLE status. Believing the request was relative to the Jones matter and that the ODC’s investigation was no longer pending, respondent did not respond. In November, 1998, the ODC issued a subpoena to respondent ordering respondent to appear for a deposition. At that time, respondent allegedly learned for the first time that he was ineligible to practice based on his failure to complete his MCLE requirements.
In an effort to satisfy his outstanding MCLE obligations, respondent attended a medical malpractice continuing legal education seminar in December, 1998. Following the one-day seminar, respondent attested on his attendance card that he was present for the full 7.2 hours of the *1280 program. However, the registration records from [¡¡the seminar indicate respondent arrived late and was only present for 5.2 hours of the seminar.
Subsequently, Kitty Hymel, in her capacity as MCLE Administrator for the LSBA, sent a letter to respondent informing him that he had not properly recorded his hours and noting this was the second time he had done so. The letter stated that following the first incident he was verbally cautioned not to repeat such misconduct. Upon concluding respondent’s misrepresentations were subject to discipline, she forwarded to the ODC a copy of her letter directed to respondent.[2]
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent alleging respondent engaged in the unauthorized practice of law by representing three clients while ineligible[3] in violation of Rule 5.5(a), as well as violated Rules 8.1(c) and 8.4(g) through his failure to cooperate in the disciplinary investigation in the Jones matter. Finally, the ODC alleged respondent violated Rule 1.1(b) by failing to comply with his MCLE requirements, and violated Rule 8.4(c) by engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation in connection with his reporting of his MCLE hours.
LRespondent filed an answer to the formal charges admitting that he engaged in the unauthorized practice of law when he handled the three client matters. However, he alleged he was unaware of his ineligibility since he had never received notice from this court or the LSBA of his noncompliance. Respondent conceded that he received notice in April, 1997 of his failure to satisfy his obligations, but the letter was dated April, 1996, one year earlier. Respondent claimed, since he had earned thirty hours of continuing legal education in 1995, he presumed the letter dated 1996 was sent out in error and took no action to respond. As to his alleged failure to cooperate in the investigation of the Jones matter, respondent stated the ODC advised him it had closed its investigatory file following his return of Ms. Jones’ file. He maintained he neglected to respond to the ODC’s request for information after that time because he believed the request was sent in error. Finally, as to his misrepresentations on his MCLE attendance cards, respondent admitted he had arrived at the two seminars late and reported that he attended the total hours offered. However, he alleged that he expected the seminar sponsors to recalculate the hours.

Formal Hearing

A formal hearing was conducted and several persons testified. Specifically, Ms. Hymel testified regarding the LSBA’s procedure relative to notifying its members of their MCLE noncompliance. Specifically, she alleged that her office sends out three *1281 notices to attorneys between December and July regarding the MCLE hours earned. Specifically, in April, transcripts are mailed via certified mail to all attorneys who are noncompliant. She testified, while her office sends the letters out via certified mail, return receipts are not requested due to the excessive expense and because the notices are forwarded to the addresses provided annually by the attorneys on their Rule XIX attorney registration statement. Ms. Hymel stated that, if the attorneys do not comply |Ras a result of the April notice, sixty days later her office provides a list of noncompliant members to this court to send notices of administrative ineligibility. Finally, Ms. Hymel testified, following the first occasion respondent misrepresented the facts on his continuing legal education seminar attendance card, she contacted his office by telephone and advised him not to misreport his MCLE hours again. When he disregarded her advice and misrepresented information a second time, she filed a complaint with the ODC.
Respondent’s testimony paralleled his response to the formal charges. Additionally, he offered evidence in mitigation of his misconduct. Particularly, respondent noted his twenty year service in the Army National Guard. He also expressed remorse for his misconduct relative to his failure to monitor and comply with his MCLE.

Recommendation of the Hearing Committee

The hearing committee determined the ODC proved by clear and convincing evidence violations of Rule 1.1(b) (failure to comply with MCLE requirements) and, Rule 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation). Notwithstanding, it concluded there was insufficient evidence that respondent violated Rule 5.5(a) (engaging in the unauthorized practice of law) since it was not established he received the notices of his ineligibility. As to the Jones complaint, the committee found there was no evidence to show respondent violated Rules 8.1(c) (failure to cooperate in a disciplinary investigation) and 8.4(g) (failure to cooperate with the ODC). In support, it relied on the fact the ODC had advised respondent its investigation into the Jones complaint had been closed and, subsequently, it was reopened without notice to respondent.
| (Addressing the issue of sanctions, the committee recognized the existence of pri- or discipline[4] as an aggravating factor. Further, in light of the two incidents of misrepresentation relative to his MCLE attendance, the committee questioned respondent’s veracity, and considered dishonest or selfish motive as an aggravating factor. In mitigation, the committee noted timely good faith effort to rectify consequences of misconduct, full and free disclosure to disciplinary board, character and reputation, and remorse. Finding the mitigating factors outweigh the aggravating factors, the committee recommended imposition of a public reprimand and additional continuing legal education.

Recommendation of the Disciplinary Board

The disciplinary board adopted the factual findings of the hearing committee in *1282 most respects. However, it found the committee erred in finding respondent did not engage in the unauthorized practice of law in violation of Rule 5.5(a). In support, it noted that respondent admitted, in April, 1997, he received the noncompliance notice for the 1996 reporting year. In addition, it relied on the testimony of Ms. Hymel that preliminary transcripts of continuing legal education hours are mailed to members of the Bar every December. The board pointed out that “[i]t is incumbent upon members of the legal profession to be aware of the requirements for eligibility in the Louisiana State Bar Association, to comply with those requirements, and to be aware of the consequences of failure to comply.” Thus, it concluded respondent engaged in the ^unauthorized practice of law in handling the three client matters at issue in this litigation.
In addressing the issue of sanctions, the board found respondent violated duties owed to his clients, the public and as a professional. It agreed with the committee that respondent knew or should have known that his conduct was in violation of the Rules of Professional Conduct. While it determined the injury to not be great, the board found “the conduct of respondent to be disturbing.” The board adopted the aggravating and mitigating factors cited by the committee. Upon consideration of these factors, the board recommended respondent be suspended from the practice of law for a period of three months, fully deferred, subject to seven hours of continuing legal education in addition to his regular MCLE requirement.
Respondent filed an objection in this court to the recommendation of the disciplinary board. As a result, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).
DISCUSSION
The record clearly establishes that respondent violated Rule 1.1(b) by failing to fulfill his MCLE requirements and violated Rule 8.4(c) by engaging in conduct involving misrepresentation in connection with the reporting of his MCLE hours. However, respondent has consistently maintained that he has not engaged in the unauthorized practice of law in violation of Rule 5.5(a) because he never received notices of his ineligibility. The hearing committee made a factual finding that respondent was unaware he was ineligible to practice, but the disciplinary board reversed this finding on the ground it was clearly wrong.
As we explained in In re: Bolton, 02-0257 at p. 7 (La.6/21/02), 820 So.2d 548, 553, unlike the disciplinary board and this court, the hearing committee is not | ^disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. Although this court is the trier of fact in bar disciplinary eases, we are not prepared to disregard the credibility evaluations made by those committee members who were present during respondent’s testimony and who act as the eyes and ears of this court. Id. Therefore, we cannot say the hearing committee was clearly wrong when it determined that respondent was credible when he testified he did not receive notice of his ineligibility.
In determining an appropriate sanction, we note that Rule 1.1(b) falls within the general rule that an attorney must provide competent representation. This court has enacted the mandatory continuing legal education rules to ensure that members of the profession remain current in the law and able to discharge their professional obligations to their clients. *1283 Therefore, a violation of these rules should not be treated lightly.
Respondent’s misrepresentation in connection with the reporting of his MCLE hours is also disturbing. Although respondent’s initial misreporting of his hours may have been a result of a good faith mistake, he was advised of his error by the MCLE administrator and told not to do so again. Respondent chose to disregard this advice and misreport his hours a second time. Such conduct falls far short of the high standards of honesty imposed on attorneys practicing in this state. See, e.g., Louisiana State Bar Ass’n v. Hay bn, 250 La. 651,198 So.2d 391 (1967).
Under these circumstances, we find the baseline sanction for respondent’s misconduct is a suspension. As aggravating factors, we recognize the existence of prior discipline and dishonest or selfish motive. In mitigation, we note respondent made a timely good faith effort to rectify consequences of misconduct, gave full and free disclosure to disciplinary board, and has demonstrated character and reputation, and remorse.
1 aConsidering the case as a whole, we conclude a three-month suspension from the practice of law is the appropriate discipline. In light of the mitigating factors, we will defer this suspension in its entirety, subject to the condition that during the calendar year 2003, respondent complete an extra seven hours of continuing legal education, in addition to his ordinary MCLE requirements for the year.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Randal L. Gaines be suspended from the practice of law in Louisiana for a period of three months. This suspension shall be fully deferred, subject to the condition that respondent complete an extra seven hours of continuing legal education during the calendar year of 2003, in addition to his ordinary mandatory continuing legal education requirements for the year. Respondent is ordered to submit proof of compliance to the Office of Disciplinary Counsel. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.
VICTORY, J., concurs in the result.
CALOGERO, C.J., concurs and assigns reasons.

. Effective January 1, 2003, the minimum requirement has been changed to 12.5 hours. This change was necessary because the length of an instructional hour was increased from fifty minutes to sixty minutes.

. In accordance with the LSBA's MCLE policy, at each continuing legal education seminar offered in Louisiana, all attorneys must execute course cards attesting to his attendance for the hours reported. Specifically, the cards provide:
I attest that I did attend the above CLE activity for the full number of hours reported. I understand that a false statement or a misrepresentation is subject to a disciplinary action pursuant to Rule 9 of the Louisiana Rules of Professional Conduct. Respondent executed such cards attesting to his full attendance at the continuing legal education programs for which he arrived tardy-

. In addition to his representation of Ms. Jones, the ODC determined that respondent represented Tammy Taylor from October 17, 1997 to July 24, 1998, as well as Maude and Earnest Gethers from August 8, 1997 to February 22, 1999.

. The committee recognized respondent received a public reprimand and a conditional one year probation stemming from his criminal conviction for unauthorized use of Southern University payroll funds. See, In re: Gaines, 92-DB-038. Moreover, it pointed out respondent had been rendered ineligible on two other occasions for failure to comply with his LSBA requirements: 6/1/92 — 6/29/92— nonpayment of bar dues; 1/1/94 — 9/9/94— failure to file a Rule XIX attorney registration statement and nonpayment of a disciplinary fee.