972 So.2d 1143 (2008)
In re C. Blase McCARTHY, Jr.
No. 2007-B-1272.
Supreme Court of Louisiana.
January 25, 2008.

*1144 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, C. Blase McCarthy, Jr., an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS AND PROCEDURAL HISTORY
Respondent was declared ineligible to practice law between February 4, 2005 and August 26, 2005 because of his failure to comply with the mandatory continuing legal education ("MCLE") requirements.[1] Respondent was also declared ineligible to practice law between October 31, 2005 and February 10, 2006 for failure to pay his bar dues and the disciplinary assessment. Nevertheless, respondent continued to practice law during these periods of ineligibility. Specifically, respondent filed pleadings on behalf of his client, Leon Gibert, appeared in open court, and contacted and negotiated with third parties on Mr. Gibert's behalf in three separate legal matters.

DISCIPLINARY PROCEEDINGS
In 2006, the ODC filed three counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with the minimum requirements of continuing legal education), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent answered the formal charges and denied any misconduct. This matter then proceeded to a formal hearing on the merits.

*1145 Hearing Committee Report

Considering the evidence and testimony presented at the hearing, the hearing committee made the following findings of fact and law:
1. Respondent failed to comply with MCLE requirements in 2004.
2. Respondent failed to pay his annual bar dues and disciplinary assessment in 2004.
3. Respondent received proper notice that he was certified ineligible to practice law.
4. Respondent engaged in the unauthorized practice of law.
5. Respondent violated the Rules of Professional Conduct and that activity is prejudicial to the administration of justice.
The committee further found that respondent violated a duty owed to the public, the legal system, and the profession. He clearly acted knowingly when he engaged in the practice of law at a time when he was not compliant with the MCLE requirements. Respondent caused actual injury to the profession and affected other lawyers, courts, and clients. The committee determined that the baseline sanction for respondent's misconduct is a suspension from the practice of law.
The committee recognized the following aggravating factors: a pattern of misconduct and refusal to acknowledge the wrongful nature of the conduct. In mitigation, the committee acknowledged that respondent has no prior disciplinary record.
Considering these findings, and relying on this court's decision in In re: Gaines, 02-2454 (La.2/25/03), 838 So.2d 1278,[2] the committee recommended that respondent be suspended from the practice of law for a period of six months. The committee further recommended that three months of the suspension be deferred upon the condition that respondent complete his 2007 MCLE requirements, plus eight additional hours of CLE, including one hour of ethics.
Both respondent and the ODC filed objections to the hearing committee's recommendation.

Disciplinary Board Recommendation
After review of the record, the disciplinary board modified the hearing committee's findings of fact in two respects. First, the board found that respondent failed to comply with his MCLE requirements in 2001 and 2003, but that the ODC did not establish he failed to comply with these requirements in 2004. Second, the board found that respondent failed to timely pay his annual bar dues and disciplinary assessment in 2005, not in 2004. In all other respects, the board adopted the hearing committee's factual findings. The board also adopted the committee's finding that respondent violated the Rules of Professional Conduct as charged.
The board determined that by failing to comply with his MCLE requirements, failing to pay his bar dues and the disciplinary assessment, and by practicing law while ineligible to do so, respondent violated duties owed to his client, the public, the legal system, and the profession. His actions were knowing and caused actual injury to the profession and to the court system by interfering with the proper function of at least three legal proceedings. The baseline sanction for respondent's misconduct is a period of suspension.
In aggravation, the board recognized the following factors: a pattern of misconduct, *1146 multiple offenses, and refusal to acknowledge the wrongful nature of the misconduct. The sole mitigating factor found by the board was the absence of a prior disciplinary record.
In determining a sanction for respondent's misconduct, the board noted that in similar cases this court has generally imposed suspensions in the range of one year and one day. See In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511.[3] In Gaines, relied upon by the hearing committee, the attorney did not fulfill his MCLE requirements, but because he did not receive notice of his ineligibility he was not found to have engaged in the unauthorized practice of law. The court imposed a fully deferred three-month suspension, subject to conditions. In In re: Jones, 98-0207 (La. 3/27/98), 708 So.2d 413, the attorney knowingly engaged in two instances of the unauthorized practice of law while he was on ineligible status. Considering the numerous aggravating factors present, this court suspended Jones from the practice of law for one year and one day, with six months deferred, subject to a period of probation with conditions.
Upon review of these cases, the board found that respondent's conduct was more egregious than that seen in Gaines, as respondent did, in fact, receive notice of his ineligibility from the clerk of this court. Consequently, respondent engaged in the unauthorized practice of law while representing Mr. Gibert on several occasions in three different legal matters. Like Mr. Gaines, respondent violated Rule 1.1(b) by failing to fulfill his MCLE requirements.
Similar to the attorney in Jones, respondent engaged in the unauthorized practice of law while ineligible. Also like Mr. Jones, respondent has refused to acknowledge the wrongful nature of his misconduct, has engaged in a pattern of practicing while ineligible, and has committed multiple offenses. Unlike Mr. Jones, however, respondent has no prior disciplinary record.
Based on the foregoing analysis, the board determined that the applicable baseline sanction in this matter is a one year and one day suspension from the practice of law. Because respondent has no history of prior discipline, the board recommended a downward deviation to a six-month suspension, followed by a one-year period of probation, during which time respondent should be required to complete his annual MCLE requirements, plus eight additional hours of CLE, four hours of which must be in the area of ethics and/or professionalism. Finally, the board recommended that respondent be assessed with all costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(8). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in *1147 any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record in this matter supports the factual findings of the hearing committee, as modified by the disciplinary board. Respondent failed to comply with the minimum requirements of continuing, legal education, knowingly disobeyed an obligation under the rules of a tribunal, engaged in the unauthorized practice of law, and engaged in conduct prejudicial to the administration of justice. This conduct clearly falls below the standards expected of a lawyer licensed to practice law in this state.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
Respondent filed pleadings, appeared in court, and contacted and negotiated with third parties on behalf of a client when he was ineligible to practice law. Respondent knowingly violated duties owed, and caused harm to his client, the public, the legal system, and the profession. The baseline sanction for this misconduct is a period of suspension.
Several aggravating factors are present in the record, including respondent's pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of his conduct. The sole mitigating factor supported by the record is the absence of prior discipline.
Considering all the circumstances, we find the disciplinary board's recommendation is appropriate, and accordingly we will suspend respondent from the practice of law for six months, followed by one year of unsupervised probation governed by the conditions recommended by the board.[4]

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that C. Blase McCarthy, Jr., Louisiana Bar Roll number 25789, be and he hereby is suspended from the practice of law for a period of six months. Following his suspension, respondent shall be placed on unsupervised probation for a period of one year, during which time he shall complete his annual MCLE requirements, plus eight additional hours of CLE, four of which must be in the area of ethics and/or professionalism. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Respondent had previously been declared MCLE-ineligible as of August 3, 2002. In March 2003, respondent attended a CLE seminar to cure this deficiency, but he subsequently stopped payment on the check he submitted to pay for the course. Respondent honored the check only after the Louisiana State Bar Association intervened and demanded payment be made to the CLE provider. Thereafter, respondent was reinstated to the practice of law effective March 24, 2003.
[2] The lawyer in Gaines failed to fulfill his MCLE requirements and misrepresented the number of hours he actually obtained. For his conduct, Gaines was suspended for three months, fully deferred, subject to the condition that he obtain additional hours of CLE.
[3] In Hardy, this court held:

In cases in which an attorney has engaged in the practice of law while ineligible to do so for failing to pay bar dues or failing to comply with the mandatory continuing legal education requirements, this court has imposed suspensions to disbarment, with the baseline sanction generally being a one year and one day suspension from the practice of law.
03-0443 at p. 8, 848. So.2d at 515 (citations omitted).
[4] The one-year probationary period shall commence from the date respondent and the ODC execute a formal probation plan. See In re: Pepper, 05-2093 (La.1/27/06), 922 So.2d 527.