PER CURIAM
*655 In this matter, the Office of Disciplinary Counsel ("ODC") seeks to appeal a ruling of the Louisiana Attorney Disciplinary Board ordering that respondent, George Allen R. Walsh, be publicly reprimanded.
UNDERLYING FACTS
The records of the Louisiana State Bar Association ("LSBA") reflect that between May 31, 2014 and August 5, 2016, respondent was ineligible to practice law for failing to comply with the mandatory continuing legal education requirements. Likewise, the LSBA's records reflect that from September 9, 2014 to February 4, 2015, and again from September 9, 2015 to July 5, 2016, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. Respondent was ineligible from September 9, 2015 to June 9, 2016 for failure to file a trust account registration statement.
On June 13, 2016, the ODC received a complaint from Judge Adam J. Haney of the East Baton Rouge Parish Juvenile Court. In the complaint, Judge Haney informed the ODC that on June 8, 2016, respondent had appeared before him as counsel of record in a juvenile detention hearing. The judge's staff later searched the LSBA's attorney roster database in an effort to update respondent's contact information. At that time, the staff discovered that respondent was ineligible to practice law. The LSBA subsequently confirmed directly to Judge Haney that respondent was ineligible to practice for failure to comply with his professional obligations.
Judge Haney instructed his law clerk to contact respondent to inform him that he was listed as ineligible to practice law by the LSBA. Respondent told the law clerk that he would investigate the matter and report back to the court, but when Judge Haney had not heard from respondent, he filed a complaint with the ODC.
On two occasions, the ODC forwarded a copy of the complaint to respondent and requested a response. Respondent failed to file a written response to the complaint, necessitating the issuance of a subpoena to obtain his sworn statement. Respondent appeared for the statement but refused to answer any questions, stating that he would be hiring an attorney to represent him and that he would not participate in the sworn statement at that time. Two weeks later, respondent reappeared at the ODC's offices, accompanied by his attorney, and gave a sworn statement, during which he admitted that he had engaged in the active and continuous practice of law from September 9, 2015 to June 8, 2016, a significant portion of the time that he was ineligible to practice.
DISCIPLINARY PROCEEDINGS
In March 2017, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c) (a lawyer is required to comply with all of the requirements of the Supreme Court's rules regarding annual registration, including payment of Bar dues, payment of the disciplinary assessment, timely notification of changes of address, and proper disclosure of trust account information or any changes therein) and 5.5(a) (engaging in the unauthorized practice of law). Respondent, through counsel, answered the formal charges and stated that his failure to timely comply with his professional obligations was unintentional and did not cause harm.
*656 Formal Hearing
Following remand, this matter proceeded to a formal hearing. The ODC introduced documentary evidence, including a letter from Loretta Larsen, the Executive Director of the Louisiana State Bar Association, certifying that respondent was deemed ineligible for failing to comply with his MCLE requirements for the period of May 31, 2014 through August 5, 2016. The ODC also called Judge Haney and Michelle LaRose, the LSBA's Director of Finance and Membership, to testify in person before the hearing committee.
Respondent testified on his own behalf and on cross-examination by the ODC. Respondent also introduced a transcript from the Louisiana Supreme Court website indicating that he completed his MCLE requirements in 2014, 2015, and 2016.
Hearing Committee Report
After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
Based upon documentary evidence submitted by respondent and the testimony of respondent, the committee found that respondent completed his MCLE requirements for the period of 2014 through 2016. Respondent presented a transcript from the Louisiana Supreme Court website properly identifying him and indicating that all MCLE requirements were completed for the years in question. This information was supported by respondent's testimony. The ODC did not provide evidence to the contrary, and Ms. LaRose was unable to testify about MCLE requirements or the adequacy of the reporting of such information to her office.
Based upon the testimony of Ms. LaRose, the testimony of respondent, and documentary evidence, the committee found that respondent failed to pay his bar dues and the disciplinary assessment for the period of September 9, 2015 to July 5, 2016. Ms. LaRose testified that her office was responsible for collecting and reporting bar dues and disciplinary assessments, and her records revealed that respondent had not paid his dues during the period in question. Respondent also admitted that he failed to pay his dues and the disciplinary assessment.
Based upon the testimony of respondent and documentary evidence, the committee found that respondent failed to report his trust account for the period of September 9, 2015 to July 5, 2016. Ms. LaRose was unable to testify about the trust account and the adequacy of the reporting of such information to her office, but respondent admitted his trust account reporting failure, which was supported by documentary evidence.
Based upon the testimony of Judge Haney and respondent, the committee found that respondent practiced law while he was ineligible to do so. Judge Haney confirmed that his first encounter with respondent occurred while respondent was representing a client before him in Juvenile Court. Respondent admitted to this encounter and to others that occurred during his period of ineligibility.
Based upon the testimony of Judge Haney and respondent, the committee found that there is no evidence that any client complaints were filed against respondent or that any actual harm was experienced by any of his clients during the period of his ineligibility. Judge Haney testified that he did not receive any reports or witness any issues while respondent was before him. Respondent testified that he has not received any complaints from clients, requests for reimbursement of funds, or notices of malpractice.
Based upon the testimony of respondent and documentary evidence, the committee *657 found that respondent changed office locations and personnel multiple times during the period in question. However, documentary evidence introduced by the ODC includes a notice of delinquency and certificate of ineligibility which was sent to two of respondent's addresses. The committee found that respondent received adequate notice of the delinquency and ineligibility. Nevertheless, this is a mitigating factor in light of the possibility of crossed, misplaced, or mishandled mail. The committee also noted that respondent shares a name and, at times, an office with his father, which may have added to the confusion. Respondent apologized and tried to avoid excuse throughout the hearing.
Based on these factual findings, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent negligently violated duties owed to the legal profession. His conduct caused the potential for harm, although no actual harm occurred. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction ranges from reprimand to suspension.
The committee found the following aggravating factors are present: a pattern of misconduct, multiple offenses, vulnerability of the victim, and substantial experience in the practice of law (admitted 2005). The committee added that respondent also had an additional period of ineligibility (September 9, 2014 through February 4, 2015), which was not included in the formal charges.
The committee found the following mitigating factors are present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, "multiple changes in office location," "multiple changes in office personnel," and remorse.
Turning to the issue of an appropriate sanction, the committee found guidance from the cases of In re: Oldenburg , 09-0991 (La. 10/16/09), 19 So.3d 455, and Inre: McCarthy , 07-1272 (La. 1/25/08), 972 So.2d 1143. In Oldenburg , an attorney made a court appearance on behalf of a client during a period in which he was not eligible to practice law. Due to his lengthy history of ineligibility, the court suspended the attorney from the practice of law for six months, with all but thirty days deferred, followed by a two-year period of probation with conditions. In McCarthy , an attorney filed pleadings on behalf of his client, appeared in open court, and contacted and negotiated with third parties on his client's behalf in three separate legal matters while he was ineligible to practice law. For this misconduct, the court suspended the attorney for six months, followed by one year of unsupervised probation with conditions.
Considering the foregoing, the committee recommended respondent be suspended from the practice of law for six months, with all but thirty days deferred, followed by one year of unsupervised probation.
Respondent objected to the hearing committee's report, arguing that the recommended sanction was too harsh.
ORDER OF THE DISCIPLINARY BOARD
After review, the disciplinary board found that the hearing committee's factual findings are supported by the record and are not manifestly erroneous. Respondent was ineligible to practice law for ten months for failing to pay his bar dues and the disciplinary assessment and for failing *658 to comply with the trust accounting requirement.[1] Respondent admitted that he continued to practice law (making two court appearances, communicating with clients, accepting fees, and taking on new clients) during this time period, although he was not actually aware that he was ineligible to do so. For the reasons outlined in the committee's report, the ODC did not meet its burden of proving by clear and convincing evidence that respondent did not satisfy his MCLE requirements or any rule violation based on that allegation. The board concluded that respondent violated Rules 1.1(c) and 5.5(a) of the Rules of Professional Conduct.
The board determined that respondent negligently violated duties owed to the legal system and the legal profession. He was aware of his professional obligations with respect to payment of dues and assessments and annual reporting, but simply overlooked fulfilling the requirements. While the obligations were ultimately his responsibility, these administrative tasks had generally been handled by others in his office. There is no evidence to show that any actual harm was caused by his misconduct, although there was the potential for harm to clients and the legal system during the ten-month period that respondent was ineligible to practice law. After considering the ABA's Standards for Imposing Lawyer Sanctions , the board determined that the baseline sanction is reprimand.
The board found that the only aggravating factor is "one past instance of ineligibility to practice for a period of five months" (September 9, 2014 through February 4, 2015) for failure to pay bar dues and the disciplinary assessment. Respondent was not charged with a disciplinary violation for this period of ineligibility. He also testified that he was not aware of his ineligibility during the 2014-2015 period.
The board found the following mitigating factors are present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct "once he realized that he was ineligible," full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
Turning to the issue of an appropriate sanction, the board noted that not all instances of practicing law while ineligible have resulted in suspension, and, in at least one instance, charges were dismissed for a "minor," negligent violation of Rule 5.5(a) which caused no harm.[2] The board further noted that the cases of Oldenburg and McCarthy , which were relied upon by the committee, are distinguishable from the instant matter. Most significantly, the misconduct of the attorneys in Oldenburg *659 and McCarthy was determined to be knowing, not negligent.
Considering the ABA Standards and a review of the applicable jurisprudence based on the totality of the evidence presented, the board concluded that a public reprimand is appropriate discipline in this case. Accordingly, the board ordered that respondent be publicly reprimanded. The board further ordered that respondent be assessed with all costs and expenses of these proceedings.
As previously noted, the ODC has appealed the board's ruling to this court. On August 23, 2018, we ordered the parties to submit briefs addressing the issue of whether the record supports the disciplinary board's report. Both the ODC and respondent filed briefs in response to our order.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield , 96-1401 (La. 11/25/96), 683 So.2d 714 ; In re: Pardue , 93-2865 (La. 3/11/94), 633 So.2d 150.
In this matter, respondent engaged in the practice of law during a period in which he was ineligible to do so for failure to comply with his professional obligations. Respondent has admitted that he engaged in the practice of law between September 9, 2015 and June 8, 2016, a time period in which he was deemed ineligible to practice due to his failure to pay his bar dues and the disciplinary assessment as well as his failure to file his trust account disclosure statement. The primary dispute concerns whether respondent engaged in the practice of law between May 2014 and June 2016, a time period in which he was allegedly ineligible to practice due to his failure to complete his MCLE requirements.
LSBA records submitted into evidence by the ODC reflect that respondent was MCLE ineligible from May 31, 2014 through August 5, 2016. However, transcripts submitted into evidence by respondent reflect that he completed his MCLE requirements for 2014, 2015, and 2016. The hearing committee and the disciplinary board relied upon the latter evidence to determine that respondent was compliant with his MCLE obligations for those years. While we cannot say this finding rises to the level of clearly wrong, it does not change the fact that respondent practiced law for a significant period of time while he was ineligible to do so.
Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
*660 Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
The record supports a finding that respondent violated duties owed to the legal profession, which created the potential for harm. Given respondent's lengthy history of failing to fulfill his professional obligations, his misconduct was grossly negligent, if not knowing. Under the ABA's Standards for Imposing Lawyer Sanctions , the baseline sanction for this type of misconduct is suspension.
The following aggravating factors are supported by the record: a pattern of misconduct, multiple offenses, vulnerability of the victim, and substantial experience in the practice of law (admitted 2005).
The following mitigating factors are supported by the record: absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
Turning to the issue of an appropriate sanction, we find guidance from each of the cases cited by the ODC and the hearing committee. Of these cases, the most applicable in terms of similarity of facts is the Oldenburg matter. In Oldenburg , an attorney who had been declared ineligible to practice law on nine occasions since his admission to the bar in 1985 was declared ineligible for failing to comply with the CLE requirements. During this time, he made one court appearance on behalf of a client. Finding his conduct to be negligent, the disciplinary board recommended the attorney be publicly reprimanded. The ODC sought review of that ruling in this court. We increased the sanction to an actual period of suspension, stating:
Considering respondent's repeated past failures to comply with his professional obligations, we cannot excuse his misconduct in this matter as a simple oversight. Accordingly, we find that an actual period of suspension is warranted. We will impose a six-month period of suspension, deferring all but thirty days of the suspension on the condition that respondent successfully complete a two-year period of probation. During the probationary period, respondent shall enroll in and attend one full day of Ethics School offered by the Louisiana State Bar Association's Practice Assistance and Improvement Committee. He shall also timely pay his bar dues and the disciplinary assessment and comply with all continuing legal education requirements. Any failure of respondent to comply with the conditions of probation may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. [Emphasis added.]
The same reasoning can be applied to the instant case. Respondent (who has been ineligible for seven of thirteen years since his admission to the bar in 2005) was declared ineligible in 2014 for failing to comply with his professional obligations. During this time, he made at least one court appearance on behalf of a client. Considering respondent's "repeated past failures to comply with his professional obligations," his conduct cannot be excused as "a simple oversight." Therefore, as we found in Oldenburg , it is clear that "an actual period of suspension is warranted."
By contrast, the cases cited by the disciplinary board do not reflect respondent's lengthy history of failing to fulfill his professional obligations and practicing law while ineligible. As noted in the hearing committee's report, respondent had an additional period of ineligibility (September 9, 2014 through February 4, 2015) not included in the formal charges. The several mitigating factors present in this case are *661 simply not enough to overcome this history.
Considering the jurisprudence, we find that an appropriate sanction in this matter is a six-month suspension, with all but thirty days deferred, followed by a one-year period of unsupervised probation. We will also order respondent to attend Ethics School.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that George Allen R. Walsh, Louisiana Bar Roll number 29696, be and he hereby is suspended from the practice of law for six months. It is further ordered that all but thirty days of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on unsupervised probation for one year. As a condition of probation, respondent is ordered to attend and successfully complete the Louisiana State Bar Association's Ethics School. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Hughes, J., dissents in part and assigns reasons.

The board noted that respondent does not have a trust account. Respondent works for his father, also an attorney, who maintains the trust account for the firm. However, respondent failed to fulfill the requirement that he declare annually that he does not have or manage a trust account.

In In re: Phillips , 11-DB-073 (6/06/01), the board publicly reprimanded an attorney for practicing law during a three-month period in which she was ineligible to do so based on her failure to pay bar dues and the disciplinary assessment and her failure to register her trust account. Her actions caused no actual harm and were largely negligent. In In re: Denny , 07-DB-073 (1/09/09), the board dismissed charges against an attorney despite a finding that he practiced law while he was ineligible to do so based on his failure to comply with MCLE requirements. The board found that he had acquired sufficient CLE hours to fulfill his MCLE requirement, but they were not properly reported due to a miscommunication with his secretary. His conduct caused no actual harm and he immediately corrected the problem.