DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Adair D. Jones, an attorney licensed to practice law in the State of Louisiana.
The record indicates that respondent became ineligible to practice law on January 8, 1993 for failure to comply with mandatory CLE requirements. He was also placed on ineligibility status on September 6, 1995 for failure to pay his bar dues.
The instant charges arise from two in-stancés of unauthorized practice of law by *414 respondent while he was on ineligible status. The first instance arose from the introduction of a deposition in Linda Ratcliff v. Dr. Robert Anderson, No. 397-246, 19th JDC for the Parish of East Baton Rouge, taken on April 15, 1996 by the respondent while he was ineligible to practice. Since respondent had already been admonished for engaging in the unauthorized practice of law in the Rat-cliff litigation,[1] Judge Michael McDonald, the presiding judge, immediately forwarded correspondence to the ODC enclosing a copy of the deposition.
The second instance arose from respondent’s filing of a trial brief on April 3,1996 in the case of Andrew Antoine v. Paul Parello, No. 410-097,19th JDC for the Parish of East Baton Rouge, a matter in which he was an attorney of record. When the presiding | ¿judge, Judge William Brown, noted respondent was among one of the individuals listed on a roster of attorneys who were ineligible to practice, he wrote to the ODC advising of respondent’s misconduct and provided a copy of the trial brief.
On December 11,1996, one count of formal charges was filed against respondent. The charges allege respondent engaged in the unauthorized practice of law in violation of Rules 5.5(a) and 8.4(a), (d) of the Rules of Professional Conduct. A formal hearing was conducted on March 24, 1997, and Judges Brown and McDonald each testified regarding respondent’s misconduct in their respective courts. While respondent admitted that he knowingly engaged in the unauthorized practice of law when he prepared the trial brief, he asserted he believed he was a target of selected prosecution by the ODC.
On May 7, 1997, the hearing committee issued its findings concluding respondent engaged in the unauthorized practice of law. While trying on A.B.A. Standards for Imposing Lawyer Sanctions, Standards 7.2 and 8.2, it concluded the baseline sanction was suspension. As such, it recommended respondent be suspended from the practice of law for a period of six months, with certain conditions.[2]
The disciplinary board concurred in the findings of the committee that respondent was guilty of the misconduct set forth in the charges. While the board found no factors in mitigation to be present, it noted the presence of several aggravating factors: (1) prior disciplinary offenses;[3] (2) pattern of misconduct; (3) |3multiple offenses; (4) refusal to acknowledge wrongful nature of conduct; (5) substantial experience in the practice of law;[4] (6) indifference to making restitution; and (7) vulnerability of the victims. The board recommended respondent be suspended from the practice of law for a period of one year and one day, with six months deferred, and reinstatement subject to the payment of fees and mandatory continuing legal education requirements articulated by the *415 committee. Further, it proposed respondent be placed on probation for a period of one year in the event of his reinstatement and remain current on his bar monetary obligations and continuing legal education requirements. Should respondent fail to comply with the terms of his probation, the board recommended it have the authority to modify or extend the terms of probation or seek probation revocation. One member of the board filed a concurrence to the board’s recommendation.
Neither the respondent nor the ODC filed an objection to the board’s recommendation in this court.
Upon review of the findings and recommendation of the disciplinary board, and the record filed herein, it is the decision of. the court that the disciplinary board’s recommended sanction be adopted.
Accordingly, it is ordered that respondent be suspended from the practice of law for a period of one year and one day, with six months deferred. It is further ordered that following the active portion of his suspension, respondent shall be placed on probation for a period of one year and remain current on the payment of his bar dues, assessment fees and continuing legal education requirements, as well as comply with the Rules of Professional Conduct. In the event respondent fails to comply with these conditions of probation, the disciplinary board is authorized'to modify or extend the probationary period, or to recommend to 14this court that the probation be revoked and the deferred portion of the suspension be made executory. In addition to all other requirements under Supreme Court Rule XIX, § 23, respondent is also ordered to file written proof that he has paid all applicable dues and fees and complied with his MCLE requirements prior to reinstatement.
VICTORY and TRAYLOR, JJ., would set the case for oral argument.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

. In October of 1995, after he was placed on ineligible status, respondent appeared in court on behalf of the defendant in Ratcliff. Subsequently, the trial judge, Judge Michael McDonald, received a listing of attorneys who were ineligible to practice and recognized the name of the respondent. Judge McDonald contacted respondent advising him to bring proof of his bar eligibility before he would be permitted to practice before the court. On October 24, 1995, respondent appeared as counsel in the case at a status conference set to select a trial date. Subsequently, a complaint was filed with the ODC.
On January 11, 1996, a motion for admonition was filed with the disciplinary board by the ODC requesting that respondent be admonished for his unauthorized practice in violation of Rules 5.5(a) and 8.4(a), (d) of the Rules of Professional Conduct. On April 23, 1996, the admonition was issued to respondent. In re: Adair Jones, No. 96-ADB-006.

. The conditions were:
1. proof of payment of all currently owed bar dues and disciplinary assessment fees;
,2. proof of satisfaction of mandatory continuing legal education requirements; and
3.payment of all disciplinary proceeding costs.

. As stated, on April 23, 1996, respondent was admonished for his participation in the Ratcliff v. Anderson litigation while ineligible to practice due to his failure to pay his bar fees and comply with MCLE requirements. See, In re: Adair D. Jones, No. 96-ADB-006.
On July 4, 1995, respondent was admonished for violation of Rule 3.1 of the Rules of Professional Conduct for filing three motions to recuse judges within the context of litigation without a good faith basis to do so. See, In re: Adair D. Jones, No. 94-ADB-036.

. Respondent has been engaged in the practice of law for over twenty years.