747 So.2d 1081 (1999)
In re Adair D. JONES.
No. 99-B-1036.
Supreme Court of Louisiana.
October 19, 1999.
*1082 Charles B. Plattsmier, G. Fred Ours, Baton Rouge, Counsel for Applicant.
Adair Darnell Jones, Baton Rouge, Counsel for Respondent.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Adair D. Jones, an attorney licensed to practice law in the State of Louisiana.[1]

UNDERLYING FACTS
Respondent became ineligible to practice law on January 8, 1993, for failure to comply with the mandatory continuing legal education ("MCLE") requirements set forth in Supreme Court Rule XXX. Respondent was also ineligible to practice between September 2, 1997 and November 3, 1997, for failure to pay his membership dues to the Louisiana State Bar Association.
The instant charges arise from respondent's attempt to practice law after becoming ineligible to do so. On September 24, 1997, respondent filed a Petition for Damages, Interrogatories, and a Motion to Proceed In Forma Pauperis in Taylor v. Harlan, 19th JDC No. 443,019, Judge Michael McDonald presiding. On October 14, 1997, respondent appeared in open court to represent Dr. Robert Anderson in Robinson v. Anderson, 19th JDC No. 405,779, Judge Michael Caldwell presiding. Subsequently, respondent appeared before Judge Caldwell to represent Dr. Anderson in a status conference. Finally, on March 10, 1998, respondent represented Dr. Anderson in a pre-trial conference. At that time, Judge Caldwell held respondent in contempt for his unauthorized practice of law.
Subsequently, both Judge McDonald and Judge Caldwell filed complaints with the ODC. After an investigation, the ODC filed formal charges against respondent, alleging violations of Rules 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent denied the allegations and the matter was set for formal hearing before the hearing committee.

Hearing Committee Report
Respondent did not appear at the formal hearing. After reviewing the record, receiving thirteen exhibits, and hearing live testimony from Judge McDonald and the deposition testimony of Judge Caldwell, the committee found the charges relating to the unauthorized practice of law were established by clear and convincing evidence.
Referring to the ABA's Standards for Imposing Lawyer Sanctions, the committee found Standard 8.1(b) suggests disbarment is the appropriate baseline sanction when a lawyer has been suspended for the same or similar misconduct and intentionally *1083 or knowingly engages in further acts of misconduct that cause potential injury to a client, the public, the legal system, or the profession. The committee further found that respondent has a complete and utter disregard for the rules of this court regarding licensing and MCLE requirements, as well as the disciplinary board's decision to admonish him on two previous occasions and this court's later imposition of a suspension. The committee noted that respondent made no attempt to present a defense, and his only response indicates no intention to correct or acknowledge his violations.[2] It therefore concluded that respondent knowingly and intentionally engaged in further acts of misconduct.
The committee found no mitigating factors but noted the following aggravating factors: prior disciplinary offenses, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, indifference to making restitution, and vulnerability of the victims.
Accordingly, the committee was of "the unanimous belief ... that Mr. Jones has left us with no other alternative but to recommend disbarment as a baseline sanction."
Respondent objected to the hearing committee's report, using extremely disrespectful language.[3] The ODC had no objection to the hearing committee's findings and recommendation of disbarment.

Disciplinary Board Report
The disciplinary board concurred in the findings of the hearing committee that respondent is guilty of the misconduct set forth in the formal charges, and it agreed the charges were proven by clear and convincing evidence. Referring to the factors listed in Supreme Court Rule XIX, § 10(C), the board found that respondent has violated duties owed to the legal system, the profession, and the public, and has engaged in knowing and intentional misconduct.
The board found the following aggravating factors: prior disciplinary offenses,[4] pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (over 20 years), *1084 indifference to making restitution, and vulnerability of the victims. The board found no mitigating factors.
The board affirmed all the hearing committee's findings, but disagreed with the recommended sanction of disbarment. The board noted that although respondent's suspension in the prior matter became final only a few days after his March 10, 1998 appearance in open court, Standard 8.1 states that disbarment is generally appropriate when a lawyer has been suspended for the same or similar conduct and knowingly engages in further acts of misconduct.[5] However, the board specifically recognized respondent's "brazen and contemptible conduct toward Disciplinary Counsel, the Hearing Committee and the Board." It noted that respondent has callously disregarded the Rules of Professional Conduct, as represented by his objection to the hearing committee report. In light of these facts, the board determined that the baseline sanction, pursuant to Standard 8.2, is suspension.
Accordingly, the board recommended to this court that respondent be suspended from the practice of law for a year and a day, in addition to his current suspension. One board member dissented and would have imposed disbarment.
The ODC filed an objection in this court to the disciplinary board's recommendation, and the matter was set on the court's docket for oral argument pursuant to Rule XIX, § 20(G)(1)(b). Respondent submitted a brief,[6] but declined to appear for oral argument.

DISCUSSION
It is undisputed that the ODC presented clear and convincing evidence that respondent attempted to practice law on at least four occasions when he was ineligible to do so. Therefore, the sole issue presented is the appropriate sanction for this misconduct.
The disciplinary board correctly found that respondent's misconduct in the instant matter occurred prior to the 1998 order of this court suspending him (hereinafter referred to as "Jones I") and, as a result, it cannot be said that respondent engaged in similar misconduct after being warned not to do so by this court. However, respondent had been admonished for similar conduct in April 1996. Additionally, at the time of the instant misconduct, the formal charges which ultimately formed the basis of Jones I had been filed, and the hearing committee had recommended in Jones I that respondent be suspended for a period of six months.[7] Therefore, respondent should have been aware at the time of the instant misconduct that the disciplinary authorities found his unauthorized practice of law to be sanctionable conduct. Respondent's continued misconduct in the face of these proceedings demonstrates a total disregard for the disciplinary process.[8]
Moreover, we are disturbed by the language respondent has used in his pleadings in the instant matter. Respondent's characterization of the disciplinary process *1085 as "kangaroo hearings" and his exhortation to the disciplinary board to take the committee report and "shove it up your ass" displays a shocking lack of respect for the disciplinary authorities which act under the auspices of this court.
In sum, we find respondent's conduct in this matter reveals a blatant disregard for the authority of the court and for the Rules of Professional Conduct. Respondent's actions demonstrate convincingly that he is not fit to practice law in this state. Accordingly, we conclude that the appropriate sanction is disbarment.

DECREE
Upon review of the findings and recommendation of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that the name of Adair D. Jones be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in this matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Knoll, J. not on panel. Rule IV, Part 2, § 3.
[1] In In re: Adair D. Jones, 98-0207 (La.3/27/98), 708 So.2d 413, we suspended respondent for one year and one day, with six months deferred, for misconduct involving the unauthorized practice of law. Those charges are not related to the misconduct giving rise to the charges in the instant matter.
[2] In response to the ODC's letter seeking a reply to the complaints against him, respondent wrote:

See record. And shove it up your goddamn ass.
[3] In his objection, respondent stated:

Adair D. Jones does not make it a practice to admit to wrong when he honestly believes he has not done anything wrong. That means that the bar association can conduct as many kangaroo hearings, impose as many fraudulent charges and penalties as it has the power to impose, respondent will not admit to wrongdoing or humble himself to you. In order for you to understand the strength of respondent's conviction, Adair D. Jones vehemently states that "I don't care if you are the bar association, supreme court (state or federal), any other court, God, Jesus Christ, father, mother, church, religion, devil, angel, lost soul, found soul, child, parent, homeless, sick, psycho, `I did not do anything wrong.'"
The bar association has continued to refer to respondent's "attitude" to justify disbarment. Yet, the bar association has displayed an "attitude" in prosecuting these fraudulent claims against respondent.... The bar association brought these fraudulent charges against respondent specifically to cause respondent financial and emotional hardship. It is ridiculous and even sick for the bar association to think respondent should only respond with glee to the bar association's fraudulent actions and sick intentions.
For the record, regarding the committee report, "Shove it up your ass." For the record, regarding the costs statement, "Shove it up your ass." For the record, if I forgot something, "Shove it up your ass."
[4] Respondent has three prior disciplinary offenses:

1. Admonished, 94-ADB-036, for filing three motions to recuse judges without a good faith basis;
2. Admonished, 96-ADB-006, for the unauthorized practice of law;
3. Suspended, In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413, for the unauthorized practice of law.
[5] However, the board noted that any further acts of unauthorized practice of law will place respondent within the suggested criteria of Standard 8.1(b), since he is currently serving a suspension for violating Rule 5.5(a) of the Rules of Professional Conduct.
[6] Respondent's brief filed in this court states in its entirety:

What does it mean to go over ten years without a favorable ruling on any contested issue? Everyone wishes you were dead. And, those who have the power put you in jail. That's my life.
[7] The hearing committee report in Jones I was rendered on May 7, 1997. The first instance of misconduct in the present matter occurred on September 24, 1997.
[8] We also note that in the instant matter, respondent was confronted by two district judges who warned him that he was ineligible to practice. One of these judges ultimately held respondent in contempt of court for his persistent refusal to refrain from the unauthorized practice of law.