*456
 
 I,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 In this matter, the Office of Disciplinary Counsel (“ODC”) seeks to appeal a ruling of the disciplinary board ordering that respondent, Gair Oldenburg, be publicly reprimanded.
 

 UNDERLYING FACTS
 

 In November 2002, respondent attended the LSU 2002 Recent Developments continuing legal education seminar, which provided him with the total mandatory continuing legal education (“MCLE”) credits required for 2002. However, his check for payment of the seminar was returned NSF because of insufficient funds in his account. Because of his non-payment, on June 2, 2004, respondent was declared ineligible to practice law for failing to comply with the 2002 MCLE requirements.
 

 In May 2005, John Palmer hired respondent to represent him in a child custody case. Mr. Palmer paid respondent $3,000 for the representation. Respondent appeared in court on Mr. Palmer’s behalf on July 1, 2005.
 

 On August 23, 2005, respondent obtained a money order made payable to LSU for the 2002 seminar fee. On October 4, 2005, his MCLE ineligibility was removed,
 
 [1]
 
 and he was declared eligible to practice law.
 

 | .DISCIPLINARY PROCEEDINGS
 

 In November 2007, the ODC filed one count of formal charges against respondent, alleging that he practiced law while ineligible to do so, in violation of Rule 5.5(a) of the Rules of Professional Conduct. Respondent answered the formal charges, requesting that the charges be dismissed. Alternatively, respondent requested a hearing in mitigation.
 

 Hearing Committee Report
 

 This matter subsequently proceeded to a formal hearing, during which the parties stipulated that respondent violated Rule 5.5(a) as alleged in the formal charges. After considering the evidence presented
 
 *457
 
 at the hearing, the hearing committee made the following factual findings:
 

 Respondent attended the requisite MCLE hours in 2002. However, he wrote a bad check in payment to LSU.
 
 [2]
 
 Eventually, LSU reported respondent’s lack of payment to the Louisiana State Bar Association; this, in turn, resulted in respondent’s being declared ineligible to practice law. Notices were sent to respondent’s registered address, but he denied receiving those notices timely. Between 1993 and August 2005, respondent moved his office four times. During that time frame, he related that he experienced problems receiving mail at his various offices. Shortly after he contends he received actual notice of his ineligibility, respondent made full payment for the 2002 MCLE course and reinstatement fees. He also took steps to avoid practicing law until he was eligible again.
 

 | sBased on these findings, the committee determined that respondent violated Rule 5.5(a) of the Rules of Professional Conduct. The committee also determined that respondent violated duties owed to the legal profession and possibly the legal system. He acted negligently, causing
 
 de minimis
 
 harm. His violation was more in the nature of an administrative violation as opposed to a substantive one. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that the baseline sanction is a public reprimand.
 

 In aggravation, the committee found pri- or disciplinary offenses
 
 [3]
 
 and substantial experience in the practice of law (admitted 1985). The committee found the following mitigating factors present: absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, remorse, and remoteness of prior offenses.
 

 The committee determined that this court’s prior jurisprudence involving similar misconduct presents more extreme violations and additional violations or exacerbating circumstances that are not present in the instant case. Accordingly, the committee recommended that respondent be publicly reprimanded and be placed on probation for one year.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Ruling of the Disciplinary Board
 

 Based on its review of the record, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. The board also Ldetermined the record supports a finding that respondent violated Rule 5.5(a) of the Rules of Professional Conduct as charged.
 

 The board determined that respondent negligently violated a duty owed to the legal profession. The board pointed out that respondent became aware of his ineligibility on or before May 12, 2005, which is evidenced by a letter he sent to the MCLE Committee on that date. He paid his reinstatement fee to the MCLE Committee on June 8, 2005, and mistakenly believed this payment corrected his ineligibility issue. Only after he appeared at the July 1, 2005
 
 *458
 
 hearing on Mr. Palmer’s behalf did he become aware that he had to reimburse LSU for the NSF check. On August 23, 2005, he obtained a money order to replace the NSF check. The board agreed with the committee that there was
 
 de minimis
 
 actual harm, but also determined that respondent caused potential harm to his clients and the legal system. The board also agreed that the baseline sanction is a public reprimand.
 

 The board found the aggravating factors of prior disciplinary offenses
 
 [4]
 
 and substantial experience in the practice of law. In mitigation, the board found the following factors: absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
 

 | RNoting that there is little case law addressing a negligent violation of Rule 5.5(a), the board ordered that respondent be publicly reprimanded.
 

 As previously noted, the ODC sought review by this court of the public reprimand. On May 5, 2009, we ordered the parties to submit written briefs addressing the issue of whether the record filed herein supports the board’s report. The ODC submitted a brief in response to the order; however, respondent failed to file a brief.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 In this matter, respondent practiced law while ineligible to do so for failure to comply with the MCLE requirements. Accordingly, he violated Rule 5.5(a) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and | (¡deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed
 
 *459
 
 depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 We find respondent knowingly violated duties owed to the legal profession and caused potential harm to his clients and the legal system. In aggravation, we find that respondent has a prior disciplinary record and substantial experience in the practice of law. The mitigating factors present are: absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
 

 Considering respondent’s repeated past failures to comply with his professional obligations, we cannot excuse his misconduct in this matter as a simple oversight. Accordingly, we find that an actual period of suspension is warranted. We will impose a six-month period of suspension, deferring all but thirty days of the suspension on the condition that respondent successfully complete a two-year period of probation. During the probationary period, respondent shall enroll in and attend one full day of Ethics School offered by the Louisiana State Bar Association’s Practice Assistance and Improvement Committee. He shall also timely pay his bar dues and the disciplinary assessment and comply with all continuing legal education requirements. Any failure of respondent to comply with the conditions of probation may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate.
 

 ^DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Gair Oldenburg, Louisiana Bar Roll number 15029, be and he hereby is suspended from the practice of law in Louisiana for a period of six months. It is further ordered that all but thirty days of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on unsupervised probation for two years governed by the conditions set forth in this opinion. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as. Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . LSU apparently did not deposit the money order into its account until October 2005.
 

 [2]
 

 . Respondent indicated that his wife handled the bank accounts for his practice. In 2002, his wife's mother was terminally ill. Thus, his wife was frequently out of town. Respondent stated that his family problems overshadowed his financial issues. Respondent also indicated that the account upon which the NSF check was drawn had likely been closed at the time, or his wife just did not pay attention to it.
 

 [3]
 

 . In 1994, respondent received an admonition for failing to cooperate with the ODC in two investigations.
 

 [4]
 

 . In addition to the prior discipline noted by the committee, in 2003 the board publicly reprimanded respondent and placed him on probation for one year for neglecting two legal matters.
 
 In re: Oldenburg,
 
 01-DB-074 (3/20/03). The board also noted that respondent has a history of short periods of ineligibility for failure to comply with his professional obligations, as follows:
 

 7/31/86 to 8/15/86 — failure to pay bar dues;
 

 6/1/92 to 7/17/92 — failure to pay bar dues;
 

 6/3/93 to 7/22/93 — failure to pay the disciplinary assessment;
 

 9/1/93 to 9/8/93- — failure to pay bar dues;
 

 9/4/98 to 9/14/98 — failure to pay bar dues;
 

 9/4/98 to 4/28/99 — failure to pay the disciplinary assessment;
 

 9/3/99 to 10/4/99 — failure to pay bar dues and the disciplinary assessment;
 

 6/2/04 to 10/4/05 — failure to comply with MCLE requirements; and
 

 9/11/06 to 9/21/06 — failure to pay bar dues and the disciplinary assessment.