*192 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|; This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Richard Fisher, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Respondent was declared ineligible to practice law between October 31, 2005 and September 14, 2006 for failure to pay his bar dues and the disciplinary assessment. Nevertheless, on November 29, 2005, respondent accepted $300 to represent Mrs. Dorothy Samuel in a bankruptcy matter.[1]
DISCIPLINARY PROCEEDINGS
In November 2007, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Samuel matter violated Rule 5.5(a) (engaging in the unauthorized practice of law) of the Rules of Professional Conduct. Respondent answered the formal charges and admitted his misconduct. He also requested a hearing in mitigation, which was conducted by the hearing committee in June 2008.
*193 | zHearing Committee Report
Considering respondent’s admission that he violated Rule 5.5(a) of the Rules of Professional Conduct, the hearing committee determined that the only task before it was to determine the aggravating and mitigating circumstances. In aggravation, the committee found that respondent has a history of neglecting to pay his bar dues and comply with the mandatory continuing legal education (“MCLE”) requirements,[2] which it noted was “troubling.” The committee also found that respondent has pri- or disciplinary offenses as follows: 1) a January 1995 admonition for practicing law while ineligible to do so; 2) a January 1995 admonition for failing to cooperate with the ODC in an investigation; 3) a June 1995 admonition for neglecting a bankruptcy matter, failing to communicate with a client, and failing to refund an unearned fee; and 4) a February 2000 admonition for neglecting a divorce matter and failing to communicate with a client.
With respect to mitigating factors, the committee found that respondent lacked a dishonest or selfish motive. Rather, the committee found that respondent “had poor business sense and managerial skills” and did not act intentionally or with the intent to cause harm. The committee also found that respondent suffered personal problems as the result of “drastic changes in the bankruptcy law” which took effect in October 2005. Finally, the committee credited respondent’s cooperation in the disciplinary | .^proceeding, observed that he appeared remorseful and was in the process of hiring a manager to work in his law office, and noted that he has a good reputation in the community in which he practices.
The committee determined that respondent knowingly violated a duty owed to the legal profession and caused a “relatively small” amount of actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the applicable baseline sanction is suspension. The committee also cited In re: Withers, 99-2951 (La.11/19/99), 747 So.2d 514, in which this court accepted a petition for consent discipline and imposed a six-month suspension, followed by eighteen months of supervised probation with conditions, upon an attorney who practiced law while ineligible to do so, became involved in a “highly improper relationship” with a client, and failed to cooperate with the ODC.
In light of the numerous mitigating factors present, the committee recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to two years of supervised probation with conditions.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

*194
Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous. The board specifically noted that respondent’s ineligibility history spans many years. Based on these findings, the board agreed that respondent violated Rule 5.5(a) of the Rules of Professional Conduct.
| „The board agreed with the committee that respondent knowingly violated a duty owed to the legal profession. The board also found respondent violated a duty owed to his client, Mrs. Samuel, in that he accepted her bankruptcy matter while he was ineligible to practice law and failed to properly handle the bankruptcy matter, which delayed her bankruptcy for at least five months. Respondent also did not refund Mrs. Samuel’s fee until June 2006, some seven months after he accepted the representation and after Mrs. Samuel filed her complaint with the ODC. In acting as he did, respondent harmed Mrs. Samuel and the legal profession. The board agreed with the committee that the baseline sanction is suspension.
The board adopted the aggravating and mitigating factors found by the committee and also found that the aggravating factor of substantial experience in the practice of law (admitted 1982) is present.
The board felt that this matter is very similar to the case of In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413, in which this court imposed a one year and one day suspension, with six months deferred, followed by one year of probation, upon an attorney who practiced law while ineligible. However, the board noted that Mr. Jones was charged with two instances of practicing law while ineligible and had numerous aggravating factors, including prior discipline for similar misconduct, while respondent was only charged with one instance of practicing law while ineligible and has numerous mitigating factors. Therefore, the board felt that a less severe sanction was warranted for respondent than was imposed in Jones.
Under these circumstances, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to one year of probation and the condition that he remain current on his bar dues, disciplinary | Sassessment, and MCLE requirements. The board also recommended that all costs and expenses assessed to respondent be waived.[3]
Although neither respondent nor the ODC filed an objection to the board’s recommendation, on October 27, 2009, this court ordered briefing addressing the issue of an appropriate sanction. The court further instructed the parties to address the issue of the waiver of costs recommended by the board. The ODC filed a brief in response to the court’s order. However, respondent failed to file a brief.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing *195 committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Respondent has admitted that he represented Mrs. Samuel at a point in time when he was not eligible to practice law for failure to comply with his professional obligations. Respondent stipulated that this conduct violated Rule 5.5(a) of the Rules of Professional Conduct. Accordingly, the only issue before us is a determination of the appropriate sanction for the misconduct.
| (iIn considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We find that respondent knowingly violated a duty owed to his client and to the legal profession, causing actual harm. The applicable baseline sanction is suspension.
The record supports the following aggravating factors: prior disciplinary offenses, a pattern of misconduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1982). In mitigation, we find the following: absence of a dishonest or selfish motive, a cooperative attitude toward the disciplinary proceedings, character and reputation, and remorse.
In In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511, we held that the baseline sanction for engaging in the practice of law while ineligible to do so is generally a one year and one day suspension from the practice of law. In In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413, we suspended the respondent for one year and one day, with six months deferred, followed by one year of probation, for practicing law on two occasions while he was ineligible for failing to comply with his professional obligations. Like the instant respondent, Mr. Jones had prior discipline, substantial experience in the practice of law, and his victims were vulnerable. However, unlike the instant case, there were no mitigating factors identified in Jones. Additionally, Mr. Jones was charged with two instances of practicing law while ineligible while the |7respondent in the instant case was only charged with one instance of practicing law while ineligible.
More recently, we considered similar misconduct in In re: Oldenburg, 09-0991 (La.10/16/09), 19 So.3d 455. In that case, the attorney attended a CLE course which provided him with the total mandatory continuing legal education credits required for 2002. However, his check for payment of the seminar was returned NSF because of insufficient funds in his account. Because of his non-payment, in June 2004, Mr. Oldenburg was declared ineligible to practice law for failing to comply with MCLE requirements in 2002. In October 2005, shortly after learning of his ineligibility, Mr. Oldenburg made full payment for the 2002 CLE course and reinstatement fees, and he was reinstated to the practice of law. However, in the interim, he was retained to represent a client in a child custody case. In July 2005, Mr. Oldenburg appeared in court on behalf of the client.
We observed that Mr. Oldenburg had a history of “past failures to comply with his professional obligations,” and in light of *196 that fact, we declined to “excuse his misconduct in this matter as a simple oversight.” We suspended Mr. Oldenburg from the practice of law for six months, with all but thirty days deferred, followed by a two-year period of probation with conditions.
We find the instant case falls in between Jones and Oldenburg. From 1992 to 2008, respondent has been ineligible to practice law on no less than eleven separate occasions. He also has a prior disciplinary record involving the practice of law while ineligible. Both of these factors, but particularly the latter, make respondent’s conduct more serious than Mr. Oldenburg’s. However, respondent has several mitigating factors in his favor which the respondent in Jones did not have. There is compelling testimony in this record of respondent’s good character and reputation in |sthe legal community in which he practices. Respondent also expressed his remorse for his misconduct, which the committee found was not motivated by any evil intent. Considering these mitigating factors, respondent should not receive the full measure of the six-month actual suspension that was imposed in Jones.
Accordingly, we will assess the baseline sanction at one year, deferring all but ninety days in light of the mitigating factors present, subject to a one-year period of supervised probation governed by the conditions recommended by the board.[4]
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Richard Fisher, Louisiana Bar Roll number 1360, be and he hereby is suspended from the practice of law for one year, with all but ninety days deferred, followed by a one-year period of supervised probation governed by the conditions recommended by the disciplinary board. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
WEIMER, J., concurs in part and dissents in part and assigns reasons.

. Respondent did not refund the fee Mrs. Samuel paid until June 2006, two months *193 after she filed a complaint with the ODC.

. Respondent has been declared ineligible to practice law on the following occasions:
January 1, 1992 — November 28, 1994 Failure to pay disciplinary assessment
January 8, 1993 — October 31, 1995 Failure to comply with MCLE requirements
September 6, 1995 — October 20, 1995 Failure to pay bar dues
September 2, 1997 — December 31, 1997 Failure to pay bar dues
September 4, 1998 — July 13, 1999 Failure to pay bar dues and disciplinary assessment
September 4, 2001 — October 10, 2003 Failure to pay bar dues and disciplinary assessment
September 7, 2004 — November 22, 2004 Failure to pay bar dues and disciplinary assessment
October 31, 2005 — September 14, 2006 Failure to pay bar dues and disciplinary assessment
July 27, 2006 — September 14, 2006 Failure to comply with MCLE requirements
October 8, 2007 — October 22, 2007 Failure to pay bar dues and disciplinary assessment
January 31, 2008 — March 6, 2008 Failure to file a trust account disclosure statement

. Nothing in the record indicates that respondent requested a waiver of costs, or the reason the board recommended such a waiver.

. In its recommendation, the board waived the assessment of costs and expenses against respondent without explanation. We find no justification for this portion of the recommendation, and accordingly, we will impose costs against respondent, as is customary, pursuant to Supreme Court Rule XIX, § 10.1. Should respondent wish to contest the assessment of costs at a later date, he may do so in accordance with the applicable provisions of Supreme Court Rule XIX and the procedural rules of the disciplinary board.