ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
|, This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mark Andrew Moeller, an attorney licensed to practice law in Louisiana.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1998. In January 2004, respondent was admonished by the disciplinary board for neglect of a legal matter and failure to communicate with a client. In September 2008, respondent received another admonition for neglect of a legal matter and failure to cooperate with the ODC in its investigation.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS
From June 19, 2010 to August 31, 2010, respondent was declared ineligible to practice law for failure to comply with the mandatory continuing legal education requirements. Likewise, from September 10, 2010 to December 23, 2010, 12respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. In fact, respondent has a long history of ineligibility to practice law for failing to comply with his professional obligations.[1] Respondent continued to practice law during these periods of ineligibility, including making court appearances in Jefferson Parish on behalf of his clients, as indicated by court *327 records of the Jefferson Parish Clerk of Court.[2]
DISCIPLINARY PROCEEDINGS
In September 2011, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (a lawyer is required to comply with the minimum requirements for continuing legal education), 1.1(c) (a lawyer is required to pay bar dues and the disciplinary assessment), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(a) (violation of the Rules of Professional Conduct). Respondent answered the formal charges. He admitted the factual allegations and alleged rule violations, but requested a hearing in mitigation.

\ «Hearing Committee Report

This matter proceeded to a hearing in mitigation. After considering the testimony and evidence presented at the hearing, the hearing committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.[3]
The committee did not discuss in its report the duties violated by respondent or his mental state. With regard to injury, the committee found that the types of violations at issue are less likely to harm clients than other types of violations. However, the committee acknowledged the potential for harm, in that one of the criminal defendants represented by respondent could have raised an ineffective assistance of counsel claim based on the fact of his ineligibility to practice law. The committee determined that the applicable baseline sanction is suspension.
In aggravation, the committee found the following factors: a prior disciplinary record (two admonitions) and a pattern of misconduct (several periods of ineligibility). In mitigation, the committee recognized that respondent has suffered personal or emotional problems.
Considering these factors, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Respondent filed an objection to the hearing committee’s recommendation, arguing that the sanction recommended by the committee is too harsh.

Disciplinary Board Recommendation

After review, the disciplinary board agreed with the hearing committee that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent violated a duty to his clients by leading them to believe that |4he was eligible to represent them. He violated a duty to the public by holding himself out to be a licensed attorney eligible to practice law. He also violated a duty to the legal profession. Respondent knowingly failed to comply with his professional obligations as mandated by this court and intentionally engaged in the practice of law while ineligible. Although no actual harm resulted from his actions, the potential to harm clients and the adjudicative process was created when respondent represented clients, notably a *328 criminal client, in court while ineligible to practice law. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is suspension.
In aggravation, the board found the following factors: a prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1998). In mitigation, the board found the following factors: absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, and remorse.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board also recommended respondent be assessed with all costs and expenses of these disciplinary proceedings.
Respondent filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has |5been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, the record supports a finding that respondent continued to practice law during multiple periods of ineligibility. Based on this finding, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each ease and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In prior cases involving the practice of law by attorneys who are ineligible to do so for failure to comply with professional obligations, we have imposed sanctions ranging from suspension to disbarment, with the baseline sanction generally being a suspension of one year and one day. See In re: Fisher, 09-1607 (La.12/18/09), 24 So.3d 191 (one-year suspension, with all but ninety days deferred, followed by a one-year period of supervised probation with conditions, imposed upon an attorney who represented a client in a bankruptcy matter during a period in which he was not eligible to practice law; the attorney had a long history | fiof ineligibility but numerous mitigating factors were present); In re: Oldenburg, 09-0991 (La.10/16/09), 19 So.3d 455 (six-month suspension, with all but thirty days deferred, followed by a *329 two-year period of probation with conditions, imposed upon an attorney who appeared in court on behalf of a client while he was ineligible to practice law); In re: McCarthy, 07-1272 (La.1/25/08), 972 So.2d 1143 (six-month suspension, followed by a one-year period of probation, imposed upon an attorney who filed pleadings, appeared in court, and contacted and negotiated with third parties on behalf of a client when he was ineligible to practice law); In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511 (two-year suspension imposed upon an attorney for failing to comply with the minimum continuing legal education requirements, failing to cooperate with his probation monitor, and practicing law during a period of ineligibility; numerous aggravating factors present); In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36 (disbarment imposed upon an attorney without a prior disciplinary record who engaged in the practice of law while ineligible for more than six years); In re: Withers, 99-2951 (La.11/19/99), 747 So.2d 514 (six-month suspension imposed upon an attorney without a prior disciplinary record who represented a client while ineligible, became involved in a “highly improper” relationship with her client, and failed to cooperate with the ODC in its investigation); In re: Grady, 99-0440 (La.4/9/99), 731 So.2d 878 (one year and one day suspension imposed upon an attorney who failed to terminate a representation after he became ineligible and failed to advise his client of the status of her case; numerous aggravating factors present); In re: Brough, 98-0366 (La.4/3/98), 709 So.2d 210 (one year and one day suspension imposed upon an attorney who practiced law while ineligible, filed a suit without a good faith basis for doing so, and failed to cooperate with the ODC in its investigation; numerous aggravating factors present); In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413 (one year and one day suspension, with six months ^deferred, imposed upon an attorney who practiced law while ineligible; numerous aggravating factors present); and In re: Geiss, 97-1726 (La.9/26/97), 701 So.2d 967 (one year and one day suspension imposed upon an attorney who practiced law while ineligible, neglected a legal matter, failed to communicate with his client, and failed to refund an unearned fee).
Considering these cases, and respondent’s repeated past failures to comply with his professional obligations, we find that an actual period of suspension is warranted. Accordingly, we will suspend respondent from the practice of law for one year and one day, with all but ninety days deferred. Following the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of two years. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan, which shall incorporate a requirement that respondent remain current on his bar dues, disciplinary assessment, and MCLE. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Mark Andrew Moeller, Louisiana Bar Roll number 25798, be and he hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that all but ninety days of the suspension shall be deferred. Following the active portion of the suspen *330 sion, respondent shall be placed on unsupervised probation for two years governed by the conditions set forth in this opinion. Any failure of respondent to comply with the conditions of probation, or |Rany misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Judge JEFFERSON D. HUGHES III, assigned as Justice pro tempore, sitting for KIMBALL, C.J. for oral argument. He now sits as an elected Justice at the time this opinion is rendered.
VICTORY, J., dissents and would impose a harsher sanction.

 Judge Jefferson D. Hughes III, assigned as Justice pro tempore, sitting for Kimball, C.J. for oral argument. He now sits as an elected Justice at the time this opinion is rendered.

. The records of the Louisiana State Bar Association reflect that respondent has been declared ineligible to practice law as follows:
September 4, 2001 — October 2, 2001 Failure to pay bar dues and disciplinary assessment
August 3, 2002 — November 21, 2002 Failure to attend mandatory CLE
September 4, 2002 — November 21, 2002 Failure to pay bar dues and disciplinary assessment
June 2, 2004 — -March 23, 2005 Failure to attend mandatory CLE
September 7, 2004 — January 12, 2005 Failure to pay bar dues and disciplinary assessment
October 31, 2005 — December 16, 2005 Failure to pay bar dues and disciplinary assessment
November 30, 2007 — January 22, 2009 Failure to file a trust account registration statement
July 24, 2008 — February 6, 2009 Failure to attend mandatory CLE
October 1, 2008 — January 22, 2009 Failure to pay bar dues and disciplinary assessment
September 9, 2009 — September 17, 2009 Failure to pay bar dues and disciplinary assessment
June 19, 2010 — August 31,2010 Failure to attend mandatory CLE
September 10, 2010 — December 23, 2010 Failure to pay bar dues and disciplinary assessment

. Respondent’s conduct came to the ODC’s attention by way of a complaint made to the Metropolitan Crime Commission. After the ODC notified respondent of the filing of the complaint, he paid his bar dues and the disciplinary assessment, and attended CLE, and his eligibility was restored effective December 23, 2010.

. The hearing committee also made findings of fact pertaining to the dates of respondent’s various periods of ineligibility. However, those findings contained several typographical errors.