ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John D. Ray, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
From September 10, 2010 to June 3, 2011, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. In fact, since his admission to the Louisiana bar in April 1999, respondent has had a history of ineligibility to practice law for failing to comply with his professional obligations.[1] *708 During a sworn statement taken by the ODC in September 2011, respondent acknowledged that he engaged in the practice of law during these periods of ineligibility.
^DISCIPLINARY PROCEEDINGS
In November 2011, the ODC filed formal charges against respondent, alleging that his conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c) (failure to pay bar dues and the disciplinary assessment), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(a) (violation of the Rules of Professional Conduct). Respondent, through counsel, answered the formal charges and admitted to the basic factual allegations, with the exception of the allegation concerning his CLE ineligibility,[2] and rule violations. The matter then proceeded to a formal hearing conducted by the hearing committee.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee also made the following additional factual findings:
1. Respondent received adequate notice of his bar dues and assessments on a yearly basis.
2. Respondent received adequate notice of his MCLE non-compliance relative to year 2002.
3. Prior to the year 2010, respondent never petitioned the LSBA and the Louisiana Attorney Disciplinary Board (“LADB”) for relief.
|34. Respondent did not disclose his various periods of ineligibility to his employer(s).
5. Respondent never self-reported to the LSBA that he had engaged in the practice of law while ineligible.
6. Respondent has cured his ineligibility in every instance by paying his dues and assessments, a late fee, and a reinstatement fee.
7. Respondent failed to obtain the required hours of professionalism and ethics in 2002, which resulted in his being declared MCLE ineligible in 2004.
8. Respondent has consistently in years other than 2002 obtained continuing legal education in excess of the required amount for lawyers admitted in Louisiana, in some years receiving as much as five times the required amount.
9. Respondent has paid all of the monetary sanctions levied in connection *709 with his reinstatement following the various periods of ineligibility.
The committee determined that respondent’s failure to pay his bar dues and assessments was either knowing or intentional,[3] and that his failure to comply with the MCLE requirements in 2002 was negligent. The committee also determined that respondent knowingly engaged in the practice of law while he was ineligible to do so. His actions created the potential for client harm, although no actual harm has been established. The committee noted respondent’s apparent professionalism and diligence in the actual practice of law and stated that this was “truly a case where an otherwise competent and ethical attorney simply failed, repeatedly, to comply with the Rules governing payment of fees and assessment of dues timely and did not cease to practice during the ensuing periods of ineligibility.” After previewing the ABA’s Standards for Imposing Lawyer Sanctions and the jurisprudence of this court, the committee determined the applicable baseline sanction is a one year and one day suspension.
In aggravation, the committee found a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1999). In mitigation, the committee found the absence of a pri- or disciplinary record, absence of a dishonest or selfish motive, personal “financial” problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, physical disability,[4] “outstanding” character, and remorse. The committee noted that respondent’s candor, cooperation and attitude towards these proceedings was exemplary. According to the committee, respondent maintained a high level of professionalism, which weighed heavily on the committee in arriving at a recommended sanction.
Based on the nature of the violations, the totality of the record, and given aggravating factors balanced with factors in mitigation, the committee recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of probation with the following conditions:
(1) During the entire time of the probation, respondent shall pay all bar dues and assessments levied by the bar association when due without fail;
(2) During the entire time of the probation, respondent shall comply with all MCLE requirements and shall do so in a timely manner;
(3) Any subsequent disciplinary complaints with alleged offenses arising during the probationary period may be treated by the ODC in a summary fashion as probation violation matters; and
|fi(4) Respondent will pay all costs and expenses of this proceeding.
The ODC filed an objection to the hearing committee’s report and recommendation, arguing that the committee had a sufficient factual basis upon which to de *710 termine that respondent intentionally violated Rule 1.1(c) and knowingly violated Rule 5.5(a). The ODC also argued that the committee erred in deferring all but sixty days of the suspension.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings do not appear to be manifestly erroneous as they are supported by the testimony and documentary evidence. The board also determined that the committee correctly applied the Rules of Professional Conduct.
The board determined respondent violated duties owed to his clients, the public, and the legal profession. He violated a duty to his clients and to his employer by leading them to believe that he was eligible to represent them. He violated a duty to the public by holding himself out to be a licensed attorney eligible to practice law. He intentionally failed to comply with MCLE requirements, intentionally failed to pay his bar dues and disciplinary assessments, and knowingly engaged in the practice of law while ineligible. Although no actual harm resulted from his actions, the potential to harm the adjudicative process was created when he engaged in the practice of law while he was ineligible. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
The board adopted the aggravating and mitigating factors found by the committee. However, the board declined to adopt the aggravating factor of [(¡substantial experience in the practice of law, noting that respondent’s first period of ineligibility occurred two years after he was admitted to the practice of law.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of probation with the following conditions:
(1) During the entire time of the probation, respondent shall pay all bar dues and assessments levied by the disciplinary board and bar association when due without fail;
(2) During the entire time of the probation, respondent shall comply with all MCLE requirements and shall do so in a timely manner; and
(3) Respondent should be assessed with all costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
17In this matter, the record supports a finding that respondent continued to practice law during multiple periods of ineligibility. Based on these findings, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
*711 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In prior cases involving the practice of law by attorneys who are ineligible to do so for failure to comply with professional obligations, we have generally imposed a one year and one day suspension from the practice of law, some portion of which may be deferred.[5] The board’s recommendation in this matter is [sconsistent with this jurisprudence. Accordingly, we will accept the board’s recommendation and suspend respondent from the practice of law for one year and one day, with all but sixty days deferred. Following the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of two years. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan, which shall incorporate a requirement that respondent timely fulfill his professional obligations each year. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that John D. Ray, *712 Louisiana Bar Roll number 26101, be and he hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that all but sixty days of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on unsupervised probation for two years governed by the conditions set forth in this opinion. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The records of the Louisiana State Bar Association ("LSBA”) reflect that respondent has been declared ineligible to practice law as follows:
*708 September 4, 2001-September 11, 2001 Failure to pay bar dues and disciplinary assessment
September 4, 2002-September 4, 2002 Failure to pay bar dues and disciplinary assessment
June 2, 2004-December 20, 2004 Failure to attend mandatory CLE
September 7, 2004-December 20, 2004 Failure to pay bar dues and disciplinary assessment
October 31, 2005-December 28, 2005 Failure to pay bar dues and disciplinary assessment
October 8, 2007-October 22, 2007 Failure to pay bar dues and disciplinary assessment
September 9, 2009-June 17, 2010 Failure to pay bar dues and disciplinary assessment
September 10, 2010-June 3, 2011 Failure to pay bar dues and disciplinary assessment

. The period of ineligibility in question relates back to a deficiency from 2002. Respondent failed to attend the requisite ethics and professionalism hours in 2002. However, due to an administrative delay, he was not certified ineligible until 2004. Therefore, despite having the requisite number of hours for 2004, he was still ineligible as a result of the 2002 deficiency.

. The committee stated that "in multiple years and on multiple instances, Respondent knowingly failed to pay his bar dues and assessments ... timely resulting in seven (7) separate periods of ineligibility over the course of several years,” but then stated that "[rjespondent intentionally violated Rule 1.1(c) of the Rules of Professional Conduct in that he intentionally failed to pay his Bar dues and disciplinary assessment on multiple occasions.”

. Between 2000 and 2001, respondent suffered from various medical conditions precipitated by a congenital birth defect that necessitated three operations.

. See In re: Moeller, 12-2460 (La.3/19/13), 111 So.3d 325 (one year and one day suspension, with all but ninety days deferred, followed by a two-year period of probation with conditions, imposed upon an attorney who made court appearances on behalf of his clients during periods in which he was not eligible to practice law; the attorney had a long history of ineligibility and a prior disciplinary record); In re: Fisher, 09-1607 (La.12/18/09), 24 So.3d 191 (one-year suspension, with all but ninety days deferred, followed by a one-year period of supervised probation with conditions, imposed upon an attorney who represented a client in a bankruptcy matter during a period in which he was not eligible to practice law; the attorney had a long history of ineligibility but numerous mitigating factors were present); In re: Oldenburg, 09-0991 (La.10/16/09), 19 So.3d 455 (six-month suspension, with all but thirty days deferred, followed by a two-year period of probation with conditions, imposed upon an attorney who appeared in court on behalf of a client while he was ineligible to practice law); In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511 (two-year suspension imposed upon an attorney for failing to comply with the minimum continuing legal education requirements, failing to cooperate with his probation monitor, and practicing law during a period of ineligibility; numerous aggravating factors present); In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36 (disbarment imposed upon an attorney without a prior disciplinary record who engaged in the practice of law while ineligible for more than six years); In re: Grady, 99-0440 (La.4/9/99), 731 So.2d 878 (one year and one day suspension imposed upon an attorney who failed to terminate a representation after he became ineligible and failed to advise his client of the status of her case; numerous aggravating factors present); and In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413 (one year and one day suspension, with six months deferred, imposed upon an attorney who practiced law while ineligible; numerous aggravating factors present).