ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Hilliard C. Fazande, III, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
From June 2, 2004 to April 13, 2006, respondent was ineligible to practice law for failure to comply with mandatory continuing legal education (“MCLE”) requirements for 2002.
While he was ineligible to practice law, respondent was retained by a bail-bonding company, Do The Right Thing, to obtain a bond reduction for Travis Martin in State of Louisiana v. Travis Martin, No. 06-1056 on the docket of the 24th Judicial District Court for the Parish of Jefferson. Do The Right Thing paid respondent $1,500 for this service.
On March 1, 2006, respondent filed a motion to reduce bond on Mr. Martin’s behalf without Mr. Martin’s knowledge or consent. On March 3, 2006, respondent met Mr. Martin and represented him at his arraignment, during which respondent signed the cover of the official court record as Mr. Martin’s attorney. The State also provided respondent with discovery material at that time.
|2On March 3, 2006, Mr. Martin’s girlfriend, Tameka Wells, hired attorney Salvador Brocato, III to represent Mr. Martin. On March 6, 2006, Mr. Brocato filed a motion to enroll as counsel, a motion for discovery, and a motion to reduce bond on Mr. Martin’s behalf.
On March 20, 2006, respondent filed another motion to reduce bond on Mr. Martin’s behalf, which motion was actually a request to split the bond between property and cash. Respondent represented Mr. Martin at the hearing on the motion held on March 21, 2006 with Mr. Martin’s knowledge and consent.
On March 31, 2006, Mr. Brocato requested the State’s discovery material from respondent. However, respondent did not turn the material over to Mr. Bro-cato. Later that same day, Mr. Martin told respondent that he was not sure if he wanted to retain respondent’s services or Mr. Brocato’s services. Subsequently, on April 3, 2006, in response to a request by Mr. Martin, respondent provided Mr. Martin with his file, including the discovery material.
Thereafter, Mr. Martin could not pay Mr. Brocato his entire fee. Accordingly, Mr. Brocato filed a motion to withdraw as Mr. Martin’s counsel. Because Mr. Broca-to had withdrawn, Mr. Martin requested *250 that respondent attend an April 13, 2006 hearing in his case. However, when respondent appeared at the hearing, the judge would not allow him to participate due to his ineligible status. That same day, respondent corrected his ineligibility and was declared eligible to practice law.
On July 11, 2006, respondent filed a motion to withdraw as Mr. Martin’s attorney. The judge granted the motion the same day.
JjDISCIPLINARY PROCEEDINGS
In April 2006, Mr. Brocato filed a complaint against respondent with the ODC. In August 2007, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.2(a) (scope of representation), 1.4 (failure to communicate with a client), 1.8(f) (a lawyer shall not accept compensation for representing a client from a third party unless the client gives informed consent), 1.16(a) (a lawyer shall not represent a client if the representation will result in violation of the rules of professional conduct or other law), 5.4(c) (a lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer’s professional judgment in rendering such legal services), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent initially failed to answer the formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). One month later, respondent filed a motion to recall the deemed admitted order. This motion was granted by the hearing committee chair. Thereafter, respondent did not file a pleading captioned as an answer to the formal charges, but in his pre-hearing memorandum, he admitted he was ineligible to practice law during the period specified in the formal charges due to his failure to complete his CLE hours.
| ¿Hearing Committee Report
This matter proceeded to a formal hearing on the merits. After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
Respondent was contacted by Do The Right Thing to obtain a bond reduction for Mr. Martin. It appears that, on March 3, 2006, respondent met with Mr. Martin and was also retained by Mr. Martin to assist him in his criminal defense. Subsequently, Mr. Martin’s girlfriend retained Mr. Brocato’s services on Mr. Martin’s behalf. Although there is some confusion thereafter as to communications between respondent, Mr. Martin, his girlfriend, and Mr. Brocato, there is no clear and convincing evidence to establish that respondent represented Mr. Martin without his consent or took instructions from a third party relative to Mr. Martin’s defense. However, it was established by clear and convincing evidence that respondent was ineligible to practice law from June 2, 2004 to April 13, 2006 for failure to comply with MCLE requirements for 2002. Therefore, during the period of time complained of, respondent was practicing law while ineligible to do so.
Based on these findings, the committee determined that respondent violated Rules 5.5(a), 8.4(a), and 8.4(d) of the Rules of Professional Conduct. The committee found the remaining violations alleged in *251 the formal charges were not proven by clear and convincing evidence.
The committee recommended that respondent be suspended from the practice of law for six months, with all but 45 days deferred, subject to the condition that he attend Ethics School. The committee further recommended that respondent’s office banking records and procedures be monitored for one year. One committee member | r,recommended that respondent be suspended from the practice of law for one year, with six months deferred.
Respondent filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the matter, the disciplinary board agreed that the record supports the hearing committee’s factual findings that respondent engaged in misconduct by practicing law while ineligible. Thus, the board adopted those findings. However, the board determined that the record does not support the committee’s findings that respondent’s other alleged misconduct was not proven by clear and convincing evidence. Specifically, the board found that the committee erred in rejecting the allegations that respondent undertook the representation of Mr. Martin without his consent and that respondent took instructions from Do The Right Thing instead of from Mr. Martin. In support of this finding, the board noted that respondent filed the first motion to reduce bond on March 1, 2006, two days before he ever met Mr. Martin. The board also noted that Mr. Martin submitted an affidavit in which he attested that he did not give respondent permission to represent him until March 21, 2006. Furthermore, the board indicated that respondent stated at oral argument before a panel of the board that he believed he was acting on behalf of Do The Right Thing when he filed the motion to reduce bond. Therefore, the board determined that (1) respondent did not have Mr. Martin’s authorization to represent him for the bond reduction; (2) respondent took instructions from Do The Right Thing, not from Mr. Martin; and (3) respondent was compensated by Do The Right Thing, a thh'd party, without Mr. Martin’s permission.
| ,;With respect to the allegation that respondent failed to timely withdraw as Mr. Martin’s attorney, respondent testified he believed he had been removed as counsel of record when the judge informed him he could not participate in the April 13, 2006 hearing due to his ineligibility. Because this testimony was not rebutted, the board found the ODC did not prove by clear and convincing evidence that respondent failed to timely withdraw from Mr. Martin’s case, in violation of Rule 1.16(a).
Based on these findings, the board determined that respondent violated Rules 1.2(a), 1.4, 1.8(f), 5.4(c), 5.5(a), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) of the Rules of Professional Conduct. With respect to Rule 8.4(c), a violation of which was not alleged in the formal charges, the board indicated respondent violated this rule by (1) filing a motion reciting that Mr. Martin had authorized the representation, when in fact he had not, and (2) filing pleadings when he knew or should have known he was ineligible to practice law.
The board determined that respondent knowingly and intentionally violated duties owed to Mr. Martin, the legal system, and the legal profession. His conduct had the potential to cause serious injury to Mr. Martin, the public, and the legal system. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is a suspension.
*252 In aggravation, the board found that respondent refused to acknowledge the wrongful nature of the conduct. The board determined the following mitigating factors are applicable: absence of a prior disciplinary record and inexperience in the practice of law (admitted 2000).
Turning to the issue of an appropriate sanction, the board noted that this court has imposed sanctions ranging from suspension to disbarment in cases involving 17attorneys who engage in the practice of law while ineligible to do so. The baseline sanction for this type of misconduct is generally a one year and one day suspension from the practice of law. See In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511.
Because of the mitigating factors present, the board determined that “this ease calls for a measure of leniency.” Accordingly, the board recommended that respondent be suspended from the practice of law for one year, fully deferred, subject to one year of supervised probation, during which time special attention should be placed upon reviewing the financial records of respondent’s law practice. The board further recommended that respondent complete Ethics School and Trust Accounting School.
The ODC filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
|8In this matter, respondent filed a motion to reduce bond on Mr. Martin’s behalf. However, he did so at the direction of Do The Right Thing, who compensated him for his services. This occurred on March 1, 2006, two days before the first time respondent met Mr. Martin, and that meeting appears to have been coincidental. According to Mr. Martin’s affidavit, he did not give respondent verbal permission to represent him until March 21, 2006, a day after respondent filed a second motion to reduce bond on his behalf. As such, respondent accepted compensation from a third party, who directed the bond reduction portion of the representation, without the knowledge or consent of Mr. Martin. Furthermore, it is undisputed that during the time he represented Mr. Martin, respondent was ineligible to practice law due to his failure to comply with MCLE requirements in 2002. This conduct by respondent is in violation of the following Rules of Professional Conduct: Rules 1.1(b), 1.2(a), 1.4, 1.8(f), 1.16(a),[1] 5.4(c), *253 5.5(a), 8.4(a), and 8.4(d).[2]
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 191987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We find respondent’s conduct was grossly negligent. He violated duties owed to Mr. Martin, the legal system, and the legal profession, causing potential harm to Mr. Martin and the legal system. In aggravation, we find that Mr. Martin was a vulnerable victim. The mitigating factors present are: absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and inexperience in the practice of law.
The baseline sanction for respondent’s misconduct is clearly a period of suspension from the practice of law. The only issue before us is whether the suspension should be deferred in its entirety, or whether respondent should be required to serve some period of actual suspension. Under the circumstances presented, we conclude a six-month suspension, with all but thirty days deferred, is warranted. We will further order that respondent be placed on supervised probation for one year, during which time he shall enroll in and attend one full day of Ethics School offered by the Louisiana State Bar Association’s Practice Assistance and Improvement Committee.[3] Any failure of respondent to comply with the conditions of probation may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
ImDECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Hilliard C. Fazande, III, Louisiana Bar Roll number 26638, be and he hereby is suspended from the practice of *254 law in Louisiana for a period of six months. It is further ordered that all but thirty days of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on supervised probation for one year governed by the conditions set forth in this opinion. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.

. The board found respondent did not violate Rule 1.16(a) because he timely withdrew as Mr. Martin’s counsel, but the rule proscribed the representation in the first instance. Under Rule 1.16(a)(1), a lawyer must refuse to represent a client if "the representation will result in violation of the rules of professional conduct or other law.” In this instance, respondent violated Rule 5.5(a) by practicing law while he was ineligible to do so for his *253 failure to comply with the minimum requirements of continuing legal education. Accordingly, respondent violated Rule 1.16(a) by accepting the representation of Mr. Martin.

. We reject the board’s finding that respondent violated Rule 8.4(c). This rule violation was not alleged in the formal charges, and nothing in the factual allegations contained therein suggests that respondent’s conduct involved dishonesty, fraud, deceit, or misrepresentation. See Louisiana State Bar Ass’n v. Keys, 567 So.2d 588 (La.1990) (holding that due process prohibits sanctioning an attorney for unrelated misconduct revealed by evidence in the disciplinary proceeding when the attorney has not been notified that the uncharged violations would be considered as disciplinary offenses or that he should be prepared to present a defense as to that misconduct).

. The hearing committee and the board both recommended that respondent also attend Trust Accounting School, apparently stemming from the fact that in 2006, he wrote a check to a CLE provider which was returned NSF. Setting aside for a moment that respondent was not charged with any misconduct arising out of this matter, we note that the check at issue was a personal check, not one drawn on his client trust account. Therefore, we see no reason to impose upon respondent the requirement that he attend Trust Accounting School.