*991 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
_J¿This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James H. Carter, Jr., an attorney licensed to practice law in Louisiana.[1]
UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
Respondent was admitted to the practice of law in Louisiana on April 13,1984 and in Georgia on April 1, 1990. He became ineligible to practice law in Louisiana on August 3, 2002 due to his failure to comply with mandatory continuing legal education (“MCLE”) requirements. He did not become eligible again until April 26, 2010.
In July 2009, Mary Alice Scarborough contacted respondent regarding a judgment that had been rendered against her in favor of VGM Leasing. Respondent advised Ms. Scarborough that he was an inactive member of the Louisiana State Bar Association (“LSBA”) who could give her legal advice, and he agreed to defend her against the VGM Leasing judgment.
2In defending Ms. Scarborough, respondent gained a delay of the seizure and sheriffs sale of her home. He also negotiated Ms. Scarborough’s $52,662 purchase of the judgment from VGM Leasing in order for her to collect the entire judgment from her co-debtors, D.C. Scarborough and Lynda and Michael Mathis.
Thereafter, respondent located and identified immovable property owned by the Mathises in Caddo Parish. He then associated with another attorney to prevent the judgment against the Mathises from lapsing, to seize their property, and to collect from them. Respondent also worked with the other attorney to negotiate a collection settlement with the Mathis-es to avoid the sheriffs sale of their property. As a result of respondent’s efforts, Ms. Scarborough was able to collect more than $68,000 from the judgment and net an approximate profit of $16,000 from the collection.
On March 29, 2010, respondent submitted a bill to Ms. Scarborough for the above legal services. When Ms. Scarborough refused to pay the bill, respondent filed a petition on open account against her in Shreveport City Court, alleging his entitlement to collect the attorney’s fees.
In an opinion dated May 11, 2011, the Shreveport City Court judge found that Ms. Scarborough had benefited from respondent’s legal services. However, the judge noted that respondent was not duly licensed to practice law at the time said services were provided and that respondent could not recover fees for legal services rendered during the time he was not eligible to practice law.
DISCIPLINARY PROCEEDINGS
In March 2012, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated Rule 5.5 (engaging in the unauthorized practice of law) of the Rules of Professional Conduct. Respondent initially failed to *992 answer the formal charges, and the factual allegations therein were deemed |sadmitted. Thereafter, respondent opposed the deemed admitted order, and it was recalled, allowing the matter to proceed to a formal hearing on the merits. Prior to the hearing, respondent and the ODC agreed to the above stipulated facts.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
Respondent testified in accordance with his stipulations but expressed concern that, in 2002 while actively practicing law in Georgia, he contacted the LSBA and was told to simply check “inactive” on his bar dues statement, which would eliminate his need to comply with Louisiana’s MCLE requirements. Because he had no intention of returning to Louisiana at that time, he went inactive with the LSBA beginning in 2002.
In 2007, respondent returned to Louisiana to care for his father, who had suffered a severe stroke. When his father’s condition stabilized, respondent opened a law office in Shreveport to handle his Georgia practice. In 2008, Ms. Scarborough, respondent’s friend, asked him for help with a judgment against her. He informed her that his license to practice law in Louisiana was inactive and that he “could not file a lawsuit or appear for her in court” (his understanding of inactive). He did, however, agree to act for her in a manner he believed was permissible, consisting of negotiating a purchase of the judgment and then assisting other counsel by investigating the location of assets to be seized from other co-debtors. Respondent authored letters to counsel for the judgment creditor and represented on his letterhead, which did not indicate his practice was limited to the State of Georgia, that he represented Ms. Scarborough. To his credit, respondent successfully negotiated a purchase of the judgment by Ms. Scarborough, and he later (in conjunction with other Louisiana counsel) assisted in pthe collection efforts against other co-debtors but did not take any action in legal proceedings.
In August 2009, respondent sent a letter to the LSBA, inquiring about how to reactivate his status. Respondent satisfied the Georgia MCLE requirements, which were sufficient to meet Louisiana’s requirements for the years 2002 to 2009. While respondent’s Louisiana MCLE requirements were met, such does not retroactively transform his inactive status to active for that period of time and, thereby, cure the charges raised by the ODC.
When respondent contacted the LSBA in 2009, he also learned that, to his surprise (and he claims without notice of any kind), he had been removed entirely from the rolls of the LSBA. He was advised of actions necessary to remedy the problem, and he did so at the first opportunity. His concern was that the failure to provide him with proper notice was a failure of constitutional due process protections. Apparently, what occurred was that the notification, if sent at all, was sent to an incorrect address. The record is devoid of what actually occurred, and no documents from the LSBA were introduced.
The committee declined to adopt the ODC’s suggestion that respondent knew he was ineligible to practice law because of respondent’s valid concerns regarding the actions of (or the failure to act by) the bureaucracy of the LSBA. The committee was not willing to penalize respondent for what may have been an unverified clerical error. However, even if all actions had been taken correctly (including those by the LSBA), respondent would still have been “inactive” from 2002 to 2009, which *993 includes the period of time when the actions alleged in the instant matter took place. As such, the committee considered respondent’s due process concerns to be of no moment in these proceedings.
When respondent was first contacted by Ms. Scarborough, his status with the LSBA was inactive. Respondent maintains that he acted in good faith and did not | ¡¡understand the limitations of Rule 5.5. He was dealing with his aging father’s emotional, stressful, and very challenging medical condition while attempting to practice law hundreds of miles away from his Georgia clients and office. The committee disagreed with the ODC’s suggestion that respondent’s “failure to show remorse” should be an aggravating factor because respondent’s zealous and emotional insistence that his actions were in good faith is no more an aggravating factor than a criminal defendant’s insistence on his 5th Amendment privilege can be deemed “uncooperative.”
On March 29, 2010, before he became active with the LSBA, respondent sent Ms. Scarborough a bill for his legal services. She declined to pay the bill because respondent had informed her at the beginning of the representation that he was inactive and unable to help her in formal legal proceedings. Respondent filed a collection lawsuit against Ms. Scarborough on August 23, 2010, after he became active with the LSBA. Ms. Scarborough’s counsel in the lawsuit then filed a disciplinary complaint against respondent. There is no dispute that respondent was in an “inactive” status with the LSBA while he represented Ms. Scarborough in 2008.
Based on these facts, the committee determined that respondent rendered legal services in Louisiana while he was not active and, therefore, eligible to practice law in the state. Specifically, respondent provided legal consultation and advice to Ms. Scarborough and negotiated a matter with a third party on her behalf. He attempted to collect a fee for these legal services provided while he was inactive, and his activities constituted the practice of law, in violation of Rule 5.5 of the Rules of Professional Conduct.
In determining the mitigating factors present, the committee noted that respondent has practiced law since 1984 without a blemish, except the instant complaint, on his professional record. The committee further noted that | ^respondent left Louisiana in 1989 because of “a vicious and gruesome murder of family friends in Shreveport, in which he had no part or involvement, but for which he was relentlessly pursued by investigating authorities.” When his law practice became unprofitable as a result of the murder investigation, respondent relocated to Washington State and later to Georgia. The actual murderer confessed in 2006, thereby exonerating respondent.
The committee went on to note that, after respondent returned to Louisiana in 2007, and while under, the family stress of caring for a sick parent and professional stress of satisfying client demands in Georgia, he failed to say no to an old friend in difficult straits when he should have referred her to competent (and active) Louisiana counsel. The committee believes respondent was genuinely seeking to assist an old friend and did so, not to her injury and in no way to deceive or take advantage of her, but to her great benefit and profit.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to two years of probation with the condition that he attend the LSBA’s Ethics School.
*994 Both respondent and the ODC filed objections to the hearing committee’s report and recommendation. Respondent specifically objected to the committee’s finding that he violated Rule 5.5. The ODC specifically objected to the recommended sanction as unduly lenient and suggested that a suspension from the practice of law for one year and one day is warranted. Disciplinary Board Recommendation
After reviewing the record, the disciplinary board determined that the hearing committee’s factual findings are supported by the record and are not manifestly erroneous. The board also determined that the committee correctly applied the Rules of Professional Conduct to the facts. The record demonstrates 17that respondent violated Rule 5.5 by rendering legal consultation and advice to Ms. Scarborough and by negotiating or transacting with third parties on her behalf at a time when his status with the LSBA was “inactive” and/or “ineligible.”
In his defense, respondent maintains that he was in compliance with Rule 5.5(c)(1), which states:
A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:
(1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.
However, the record clearly demonstrates that respondent engaged in the practice of law as defined under Rule 5.5(e)(3)[2] prior to the involvement of other counsel on Ms. Scarborough’s behalf. Respondent clearly misunderstood the restrictions placed on inactive and ineligible attorneys and what actually constitutes the practice of law under Rule 5.5(e)(3). Respondent honestly believed that he could negotiate on Ms. Scarborough’s behalf and advise her as long as he did not file any pleadings or otherwise make appearances in court.
The record reveals that there was some confusion regarding respondent’s actual status with the LSBA (whether he was inactive or ineligible) at various | Rtimes and whether he received proper notification from the LSBA regarding his status. However, that is of little significance here because respondent was either one or the other between August 3, 2002 and April 26, 2010 and, therefore, could not have rendered legal services unless he did so pursuant to Rule 5.5(c). Since respondent began performing legal services for Ms. Scarborough in July 2007 (and possibly as early as May 2007) but did not engage the assistance of licensed Louisiana counsel until March or April 2009 (or possibly later), he clearly violated the Rules of Professional Conduct as charged.
*995 The board further determined that respondent negligently violated duties owed to the legal profession by engaging in the practice of law while he was inactive or ineligible to practice in Louisiana and before engaging the assistance of other licensed Louisiana counsel. In aggravation, the board found that respondent has substantial experience in the practice of law (admitted 1984). The board also found the following mitigating factors present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems, and full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings.
Turning to the issue of an appropriate sanction, the board cited the case of In re: Fazande, 09-0938 (La.l0/20/09), 23 So.3d 247, wherein the court suspended an attorney from the practice of law for six months, with all but thirty days deferred, followed by one year of supervised probation with conditions, for negligently practicing law while ineligible, in addition to other professional and ethical misconduct. The board noted that Fazande involved additional charges not present in the instant matter and that the several mitigating factors present in Fazande do not appear to be as compelling as those found here.
|nIn light of the above, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to two years of probation with the condition that he attend the LSBA’s Ethics School.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Before we address the merits, we would like to address the apparent confusion regarding respondent’s status with the LSBA between August 3, 2002 and April 26, 2010. Respondent intended to go inactive with the LSBA during this time period by not reporting his Georgia CLE credits to the LSBA. However, the result of his failure to report his Georgia CLE credits to the LSBA was, instead, that he was deemed ineligible to practice law in Louisiana for failing to fulfill MCLE requirements. Additionally, between October 1, 2008 and April 21, 2010, respondent was ineligible to practice law in Louisiana for failing to pay his bar dues and the disciplinary assessment and failing to file his trust account disclosure statement. He claims the latter ineligibility period was due to the LSBA’s failure to mail renewal forms and notices of ineligibility to his correct address. With |inrespect to the instant proceedings, it is irrelevant whether or not respondent was given proper notice of the latter ineligibility period as he was concurrently ineligible to practice law due to his failure to fulfill MCLE requirements, of which he was or should have been aware because he intentionally did not report his Georgia CLE credits to the LSBA.
*996 Turning to the merits, the record of this matter supports a finding that respondent practiced law while ineligible to do so. This misconduct amounts to a violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the hearing committee and the disciplinary board that respondent acted negligently for two reasons. First, he believed his status with the LSBA was inactive when, in fact, he was actually ineligible to practice law. Second, believing he was inactive, respondent mistakenly thought that his inactivity allowed him to provide limited legal services to Ms. Scarborough. Whatever respondent’s beliefs, his actions amounted to a violation of the Rules of Professional Conduct because he was practicing law while ineligible to do so. Respondent’s actions violated duties owed to his client and the legal profession. It appears that those actions caused no actual harm. However, the potential for harm was significant, and because of this potential, we find suspension is the baseline _J_ysanction in this matter. The record supports the aggravating and mitigating factors found by the disciplinary board.
Turning to the issue of an appropriate sanction, we find guidance, as did the board, from the case of In re: Fazande, 09-0938 (La.10/20/09), 23 So.3d 247. In Fazande, an attorney represented a client while he was ineligible to do so and at the direction of a third party, without the client’s knowledge or consent. We found the attorney’s conduct to be grossly negligent and suspended him from the practice of law for six months, with all but thirty days deferred, followed by one year of supervised probation with the condition that he attend the LSBA’s Ethics School. We also find guidance from the ease of In re: Oldenburg, 09-0991 (La.10/16/09), 19 So.3d 455, wherein an attorney practiced law while ineligible to do so. We determined that the attorney acted knowingly because of his history of short periods of ineligibility for failure to comply with his professional obligations. Additionally, the attorney had a prior disciplinary record. Under these circumstances, we suspended the attorney from the practice of law for six months, with all but thirty days deferred, followed by two years of unsupervised probation with conditions, including attendance at the LSBA’s Ethics School.
Respondent’s misconduct is not as egregious as the misconduct found in Fazande and Oldenburg. As such, we agree with the committee and the board that a fully deferred suspension is appropriate in this matter.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for six months, fully deferred, subject to two years of probation with the condition that he attend the LSBA’s Ethics School.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James H. JjgCarter, Jr., Louisiana Bar Roll number *997 8375, be and he hereby is suspended from the practice of law for six months. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a two-year period of probation. As a condition of probation, respondent is ordered to attend the Louisiana State Bar Association’s Ethics School. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, C.J., dissents in part and assigns reasons.
VICTORY, J., recused.

 Victory, J. recused.

. Respondent's status with the Louisiana State Bar Association has been inactive since July 1, 2013.

. Rule 5.5(e)(3) provides:
For purposes of this Rule, the practice of law shall include the following activities:
(i) holding oneself out as an attorney or lawyer authorized to practice law;
(ii) rendering legal consultation or advice to a client;
(iii) appearing on behalf of á client in any hearing or proceeding, or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, commissioner, hearing officer, or governmental body operating in an adjudicative capacity, including submission of pleadings, except as may otherwise be permitted by law;
(iv) appearing as a representative of the client at a deposition or other discovery matter;
(v) negotiating or transacting any matter for or on behalf of a client with third parties;
(vi) otherwise engaging in activities defined by law or Supreme Court decision as constituting the practice of law.